*J. Ryman*, for the appellee.

May Term,<br>1859.<hr>HUST<br>v.<br>CONN.

---

## HUST *v.* CONN.

| 12 | 257 |
|---|---|
| 129 | 342 |

| 12 | 257 |
|---|---|
| 152 | 543 |

Under the code, a summons issued upon a præcipe, before the filing of the complaint in the cause, will be set aside on appearance and motion.

An attorney acting as *amicus curiæ* cannot take an exception.

Where the complaint does not show that the summons was prematurely issued, a demurrer based upon that defect is bad.

If the defendant appear and demur to the complaint, he will not afterwards be allowed to question the validity of the summons.

The Supreme Court will not review the action of an inferior Court, in granting a new trial, unless great injustice appears to have been done.

APPEAL from the *Pulaski* Court of Common Pleas.

DAVISON, J.—*Hust* was the plaintiff, and *Conn* the defendant. The record shows that the plaintiff, on the 28th of *September*, 1855, filed in the clerk's office of said Court, a præcipe, in these words:

"*Jesse Conn* v. *James Hust.*

"The clerk will issue a summons in the above entitled cause, returnable on the second day of the term. Indorse suit brought to recover damages for trespass—damages claimed, 200 dollars. [Signed]   *Carter* and *Hathaway*, attorneys for plaintiff."

Saturday,<br>May 28.

VOL. XII.—17

A summons was accordingly issued, and delivered to the sheriff, which was on the same day, viz., the 28th of *September*, served on the defendant, and so returned by the sheriff. After this, on the 29th of *September*, the plaintiff filed in said clerk's office, a complaint, wherein he charges the defendant with having broken and entered his (plaintiff's) close, whereby he was damaged 200 dollars. At the term of the Common Pleas next after the service of the summons, one *James W. Eldridge*, an attorney of the Court, as a friend of the Court, moved to set aside the summons and dismiss the suit, on the ground that the summons was issued before the filing of the complaint; but his motion was overruled, and he excepted. This ruling is assigned for error.

The code says: "A civil action shall be commenced by filing in the clerk's office a complaint, and causing a summons to issue thereon." 2 R. S. p. 35, § 31. This rule of practice seems to be imperative; and had the defendant appeared, and made a motion to set aside the summons, &c., and upon its denial, excepted to the opinion of the Court, the ruling would have been held erroneous. But we have decided that an attorney acting as *amicus curiæ* has no right to take an exception. *Campbell* v. *Swasey*, at the present term (1). It follows that the alleged error, founded upon the exception taken, is not available in this Court.

The motion of the attorney having been disposed of, the defendant appeared and demurred to the complaint, alleging for cause of demurrer, "that the Court had no jurisdiction of the subject or of the defendant, for the reason that the summons was issued prior to the filing of the complaint." The demurrer was overruled, and, we think, correctly. Whether the summons was or was not prematurely issued, does not appear in the complaint, and the statutory rule is, that a demurrer reaches such defects only, as appear on the face of the pleading. 2 R. S. p. 38, § 50. But the defendant having appeared and demurred to the complaint, cannot afterwards be allowed to question the validity of the summons.

Upon the overruling of the demurrer, the defendant answered; and issues being made, the cause was submitted to a jury, who found for the defendant. Motion for a new trial, on the alleged ground that the verdict was contrary to law, and unsustained by the evidence, which motion the Court sustained, and the defendant excepted. After this, at a subsequent term, there was a second trial of the cause, which resulted in a verdict for the plaintiff, upon which the Court, having refused a new trial, rendered judgment, &c. The action of the Court, in sustaining the plaintiff's motion for a new trial, is alleged to be erroneous. An appellate Court will always more readily control the discretion of the Court below, in refusing a new trial, than in granting it; because the refusal operates as a final adjudication of the rights of the parties. Indeed, we have ruled, that the granting of a new trial by the Circuit Court, is a question of sound discretion, which will not be disturbed in this Court, unless a very plain case of injustice is made to appear. *Nagle* v. *Hornberger*, 6 Ind. R. 69. In the case before us, we have carefully examined the evidence in relation to which the Common Pleas sustained the plaintiff's motion, and are decidedly of opinion that that Court, in granting the new trial, acted properly within the scope of a sound discretion. *Powell* v. *Grimes*, 8 Ind. R. 252.—*Leppar* v. *Enderton*, 9 *id.* 353.—10 *id.* 485.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*D. D. Pratt*, for the appellant.

(1) *Ante,* 70.