LEO SCHUTY *v.* STATE OF INDIANA.

[No. 472A194. Filed November 22, 1972.]

*Bob Good,* of Shelbyville, *Robert L. Mellen, Jr.,* of Bedford, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant (Schuty) was charged by affidavit with Second Degree Burglary, convicted by jury of Entering to Commit a Felony and sentenced to not less than one nor more than five years in the Indiana State Prison.

Schuty alleges three errors: (1) There was insufficient evidence to support the conviction, (2) The trial court erred in granting the State's motion to amend the affidavit and (3) The trial court erred in not granting Schuty a continuance after the amendment.

The evidence most favorable to the State is that on Sunday, October 4, 1970, the upstairs storeroom of Crowder's Uptown Drug Store was broken into. The police were called and as they arrived, Schuty and another man jumped out a second-story window to the sidewalk. Schuty was apprehended hiding in a nearby store, bleeding and injured, and wearing gloves.

Schuty's sole argument is that the testimony of his accomplice conclusively showed no intent on Schuty's part. The accomplice testified that Schuty was only "trying to talk me out of going in there."

The Supreme Court stated, in *Buise* v. *State* (1972), 258 Ind. 321, 281 N.E.2d 93:

"This Court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. Washington v. State (1971), [257] Ind. [40], 271 N.E.2d 888; Davis v. State (1971), [257] Ind. [46], 271 N.E.2d 893; Grimm v. State (1970), [254] Ind. [150], 258 N.E.2d 407; Sharp v. State (1970), [254] Ind. [435], 260 N.E.2d 593; Smith v. State (1970), [254] Ind. [401], 260 N.E.2d 558; and Langley v. State (1968), 250 Ind. 29, 232 N.E.2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value from which the trier of the facts could reason-

ably infer that the appellant was guilty beyond a reasonable doubt. Gann v. State (1971), [256] Ind. [429], 269 N.E.2d 381; Asher v. State (1969), 253 Ind. 25, 244 N.E.2d 89."

This court cannot substitute its own judgment for that of the jury as to the truth or falsity of the testimony of any witness. It must, however, review the evidence to determine whether any evidence exists from which the jury could reasonably have inferred guilt beyond a reasonable doubt.

The evidence adduced at trial was that Crowder's Drug Store had been broken into and that Schuty jumped from a second story window in flight from the police. The evidence of Schuty's flight and his hiding in the neighboring store, coupled with the fact that Schuty entered the premises through a boarded-up window his accomplice had forced open and was wearing gloves, is sufficient probative evidence from which the jury could have reasonably inferred Schuty's guilt beyond a reasonable doubt. See *Davis* v. *State* (1968), 251 Ind. 133, 239 N.E.2d 601.

The second allegation of error concerns the State's amendment of the affidavit on the morning of trial. The affidavit was amended to read "Crowder's Uptown Drug Store, Inc.," instead of "Crowder's Drug Store."

The evidence showed that there was no inside access between the second floor storeroom and the first floor sales area and there was no evidence that Schuty entered any part of the building except the second floor. Schuty argues that the amendment to the affidavit made it include both floors of the building while the original affidavit was intended to refer only to the first floor sales area. He contends this change was one of substance, not of form, because it "changed the entire direction of the projected defense," and was therefore prejudicial to him.

The test for an amendment to an affidavit is set forth in IC 1971, 35-4-4-1; Ind. Ann. Stat. § 9-1133 (Burns 1956):

"The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

In *Jeffers* v. *State* (1953), 232 Ind. 650, 114 N.E.2d 880, the court considered an amendment to a burglary affidavit changing the name of the burglarized firm from "Firman Equipment Company" to "Firman Equipment Corporation." It held that a consideration of the evidence was necessary to determine if the change was one of substance or form. It held that where the corporation owned and occupied the building in question, owned some of the stolen property, was known by the company name, and where the witnesses and the defendant referred to the corporation using the company name, the company and the corporation were one and the same and the amendment was therefore one of mere form and not prejudicial.

In the case at bar the evidence showed that the corporation leased both floors of the building, owned all the property in the building, kept an air conditioner and some "advertising things" in the upstairs storeroom, that the employees of the corporation were on the second floor "about every week" during the summer and that the key to the upstairs portion was kept at the prescription counter. Schuty's accomplice, as well as the other witnesses referred to "Crowder's Drug Store," "Crowder's," etc. Obviously "Crowder's Drug Store" and "Crowder's Uptown Drug Store, Inc." were one and the same.

Here, neither the crime charged (burglary), the identity of the defendant (Schuty), nor the business entered into (Crowder's Drug Store, whether the storeroom or the sales area), were changed by the amendment. Therefore, the amendment was one of form not of substance and was not prejudicial.

Schuty finally contends that he was prejudiced by the denial of a continuance after the amendment.

Trial Rule 53.4 reads in part:

"Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon agreement of all the parties or upon a showing of good cause established by affidavit or other evidence."

There being neither affidavit nor evidence to show good cause in the case at bar, the granting or denial of Schuty's oral motion for continuance rested in the discretion of the trial court.

As was pointed out in *Ward* v. *State* (1965), 246 Ind. 374, 205 N.E.2d 148:

"It is well settled that 'A ruling on a motion for a continuance is reviewable, but only for abuse of discretion clearly shown.'"

The amendment made no material change in the nature of the charge or the evidence at the trial. Therefore, the court did not abuse its discretion in denying a continuance.

Finding no reversible error, the judgment is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 289 N.E.2d 295.