THOMAS H. REDMOND *v.* UNITED AIRLINES, INC.

[No. 2-774A159. Filed August 18, 1975. Rehearing denied September 18, 1975. Transfer denied March 25, 1976.]

*Max Howard, Vincent Kelley, Kelley, Arnold, Howard & Lockwood,* of Anderson, for appellant.

*John Bashaw Gregg, Sharon Carroll Clark, Gregg & Clark,* of Anderson, for appellee.

SULLIVAN, P.J.—Plaintiff-appellee United Airlines, Inc. (United) filed a complaint on August 6, 1971, seeking to collect on an alleged contract of guaranty executed by United and defendant-appellant Thomas H. Redmond (Redmond). Trial to the court was commenced on October 16, 1973. On January

9, 1974, judgment was entered in favor of United for $13,-849.00, together with attorney fees and costs. Redmond appeals.

Since we conclude that a substantial and prejudicial procedural defect requires reversal of this case for further consideration on the merits, we choose not to unnecessarily lengthen this opinion by detailed recitation of the facts, or by enumerating the numerous errors Redmond assigns with respect to the trial court's findings. However, we are compelled to set out certain portions of the proceedings at length in order that the procedural posture be understood.

On the day of trial, October 16, 1973, prior to the swearing in of any witnesses, the following motion, and dialogue directed thereto, was received:

"MR. KELLEY [Redmond's counsel]: At the outset if it please the court I would like to make an oral motion after the conclusion of the plaintiff's evidence that the defendant is granted a continuance to present its case by reason of the illness of the defendant and we submit herewith a statement of Dr. Aaron L. Arnold concerning the physical condition of the defendant as of October 15, 1973.[1]

JUDGE HALL: All right. The motion will be taken under advisement at this time. We'll see what the evidence presents. We don't want to deprive the defendant of making his defense. But considering this case has been a long time getting to trial so we want to proceed to produce any witnesses.

MR. KELLEY: I have no objection to proceeding with the plaintiff's case.

JUDGE HALL: All right. Then we'll take the motion under advisement at this time. You may proceed.

MRS. GREGG [United's counsel]: Before the court rules on the motion I would like to present the plaintiff's objection to the continuance for the reason that it would create a hardship on the plaintiff whose witnesses have come from as far away as San Francisco, California prepared to go

---

1. The physician's statement is not included in the record and we cannot tell whether the statement was in fact submitted to the court. United asserts that the statement was not offered into evidence or shown to United's counsel. Redmond does not mention the statement in the appellant's or reply briefs.

ahead immediately with the trial with hopes of proceeding with it today.

JUDGE HALL: Well the plaintiff's case can be completed today. It's for the purpose of the defendant as I understand it. The only witness as I understand it who needs a continuance is Mr. Redmond.

"MR. KELLEY: Right.

JUDGE HALL: Any other witnesses would be available to you as far as the defendant's concerned.

MR. KELLEY: Right. Except by an element of surprise. Right now I think Mr. Redmond is the only one as far as we know.

JUDGE HALL: Now the only thing is if we continue this witness, you will have an opportunity to cross examine.

MRS. GREGG: That's right and perhaps rebuttal which might be kind of important to the plaintiff too could also be continued to a date when Mr. Redmond could be present.

JUDGE HALL: Well that's true. We'll have to play it by ear. (inaudible).

MRS. GREGG: No. I'll waive that.

MR. KELLEY: What's that Judge?

JUDGE HALL: Make an opening statement.

MR. KELLEY: No. I don't think it's necessary.

JUDGE HALL: Allright then I think that we can swear your witnesses in Mrs. Gregg."

United then proceeded to present its evidence. Immediately after United rested its case, Redmond's counsel made an oral "motion for finding for the defendant".[2] Oral argument was heard on the motion. Near the end of her argument against the motion, counsel for United stated: "I submit there should be a finding for the plaintiff."[3] The following discourse then occurred:

---

2. Such motion for dismissal is proper under Ind. Rules of Procedure, Trial Rule 41(B), even when made orally rather than in writing. *Ohio Casualty Ins. Co.* v. *Verzele* (1971), 148 Ind. App. 429, 267 N.E.2d 193; Civil Code Study Commission Comments on TR. 41(B), 3 Harvey, *Indiana Practice*, p. 213 (1970).

3. We find no authority in our Rules of Trial Procedure for a finding for the plaintiff at the close of his case prior to the presentment of evidence by the defendant. See TR. 41(B); TR. 50(A); TR. 55(B); TR. 56. When the plaintiff made such a motion under prior practice, disposition of the case in his favor "would of course be subject to the defendant's right to present evidence." *Fineberg* v. *Clark* (1965), 137 Ind. App. 528, 535, 209 N.E.2d 528, 532.

"JUDGE HALL: In view of the questions that have been raised here by your motion, court takes the position that he could make a ruling on the motions. However, you have raised some questions here in regard to the values of ————. And I think the matter should be looked into. I think the case now would rest upon the motion of the defendant. ————, is that right?

"MR. KELLEY: I think that's ————

JUDGE HALL: However, in view at this time I will have to read Mr. Massey's deposition. However, I think I would like to have the parties file briefs in this matter. The questions you have raised as to the worth ————. I'm going to order briefs to be filed on or before November 16th. The points that have been raised should be answered to ———— to advise me and be submitted on or before December 1st.

MRS. GREGG: Did I understand the court to say that you expect briefs from each party on November 16th and then reply briefs?

JUDGE HALL: Then reply briefs."

The parties filed briefs on November 26, 1973. However, on January 9, 1974 prior to the filing of reply briefs (which were filed on February 19, 1974), the trial court entered the following judgment:

"Comes now the Court and motion by defendant for judgment on the evidence[4] is overruled. The Court having heard the evidence and studied briefs of counsel now finds for the plaintiff and against the defendant that the plaintiff shall recover of and from the defendant the sum of $13,849.00 and costs of fees for attorney in the sum of $1500.00 and costs of this action."

On appeal Redmond asserts error by the trial court in not permitting him to present his evidence before entry of judgment.[5] However, this assertion must be viewed in conjunction

4. The motion overruled was a motion for dismissal, not a motion for judgment on the evidence, the latter being inapplicable to cases tried without a jury. *See Hoosier Ins. Co. v. Ogle* (1971), 150 Ind. App. 590, 276 N.E.2d 876.

5. Redmond's counsel was allowed to introduce some evidence in the form of eleven exhibits offered during cross-examination of one of United's chief witnesses. However, we do not think that by introducing the exhibits Redmond can fairly be said to have waived or fully exercised his right to offer evidence in the usual manner at the end of United's case. Our conclusion is based on the fact that the exhibits

with the alleged error in the failure of the trial court to rule on the motion for continuance. In his motion to correct error, Redmond does not contest the court's ruling on the TR. 41 (B) motion for dismissal except insofar as the court's ruling on the motion and the omission to rule on the motion for continuance thwarted the presentment of defendant's case.

Considering that the record does not disclose whether any physician's statement attesting to Redmond's illness was in fact submitted to the trial court, we must conclude that Redmond's request for a continuance on the day of trial did not comply with the mandate of TR. 53.4 that:

> "Upon motion, trial may be postponed or continued *in the discretion of the court,* and shall be allowed upon agreement of all the parties or *upon a showing of good cause established by affidavit or other evidence.* The court may award such costs as will reimburse the other parties for their actual expenses incurred from the delay. A motion to postpone the trial on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and where the evidence may be; *and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and that the probability of procuring the testimony within a reasonable time, and that his absence has not been procured by the act or connivance of the party, nor by others at his request,* nor with his knowledge and consent, and what facts he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured." (Emphasis supplied)

Had the trial judge denied Redmond's motion for continuance, no abuse of discretion would be evident. *Flick* v. *Simpson* (1969), 145 Ind. App. 698, 252 N.E.2d 508; *Schuty* v. *State* (1972), 154 Ind. App. 199, 289 N.E.2d 295. Neither evidence nor an affidavit in support of the motion for continu-

---

related only to the witness's direct testimony concerning the amount allegedly due on the contract, and did not support any of Redmond's affirmative defenses. A fair reading of the record further indicates that both the parties and the trial judge anticipated further evidence from Redmond later in the trial and did not intend the introduction of the exhibits to bar such evidence.

ance was introduced by Redmond. In the instant case, however, Redmond's motion for continuance was taken "under advisement" by the court, and, as per Redmond's request, the plaintiff was permitted to present its case.

Both parties agree that a ruling on a motion can be implicit according to the doctrine stated in *Lutz* v. *Goldblatt, Inc.* (1967), 140 Ind. App. 678, 225 N.E.2d 843. Although it is debatable whether Redmond's motion for a continuance was implicitly granted or denied, we need not resolve such debate because the ultimate effect of either ruling, when viewed in conjunction with the trial court's entry of judgment for United at the same time that Redmond's TR. 41(B) motion was denied, was a denial of Redmond's right to present his case.[6]

Redmond's motion at the close of United's case was for involuntary dismissal pursuant to TR. 41(B). That rule provides:

"(B) Involuntary dismissal: Effect thereof. After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, *without waiving his right to offer evidence in the event the motion is not granted,* may move for a dismissal on the ground that considering all the evidence and reasonable inferences therefrom in favor of the party to whom the motion is directed, to be true, there is no substantial evidence of probative value to sustain the material allegations of the party against whom the motion is directed. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff or party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52(A). Unless the court in its order for dismissal otherwise specifies, a

6. The instant case is to be distinguished from *Flick* v. *Simpson, supra,* wherein this court upheld the denial of continuance which had the effect of preventing the defendant from presenting his case. In *Flick,* the defendant's attorneys could fairly be said to have waived their client's right to offer evidence by voluntarily leaving the courtroom after their request for continuance had been denied. No such waiver occurred here.

dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits." (Emphasis supplied).

TR. 41(B) essentially tracks the practice formerly followed in Indiana, *Hoosier Ins. Co.* v. *Ogle, supra, Ohio Casualty Ins. Co.* v. *Verzele, supra,* and presupposes the defendant's right, in the absence of waiver, to present his evidence following the denial of his motion for involuntary dismissal. *Fineberg* v. *Clark, supra; Smith* v. *Markhum* (1954), 124 Ind. App. 535, 119 N.E.2d 899. *See also* Civil Code Study Commission Comments to TR. 41(B), 3 Harvey, *supra* at 213 (1970) ; 3 Harvey, *supra,* at § 41.2, p. 217 (1970).

It has been held that the defendant who moves for involuntary dismissal at the close of the plaintiff's case effectually waives his right to present evidence unless "he timely requests the right to do so after his motion was overruled." *Smith* v. *Markham, supra,* 124 Ind. App. at 540, 119 N.E.2d at 901. Here it was virtually impossible for defendant Redmond to "timely request" his right to present evidence after the overruling of his TR. 41(B) motion since the trial judge simultaneously issued that ruling and entered judgment for United. We must assume that Redmond's counsel was preparing his reply brief pertaining to the TR. 41(B) motion when he was suddenly presented with the *fait accompli* of a judgment against Redmond. To presume a waiver by Redmond of his right to offer evidence in support of his alleged affirmative defenses, when the record indicates that both the parties expected Redmond to present evidence following the determination of the TR. 41(B) motion, seems to us to constitute an injustice.

The judgment of the trial court is hereby reversed and the cause remanded with instructions to permit presentation of further evidence.

Buchanan and White, JJ., concur.

NOTE.—Reported at 332 N.E.2d 804.