ANDERSON FEDERAL SAVINGS AND LOAN ASSOCIATION *v.* IN THE MATTER OF THE GUARDIANSHIP OF ANNIE E. DAVIDSON, PATRICK J. CUNNINGHAM, SUCCESSOR GUARDIAN.

[No. 2-476A125. Filed July 13, 1977. Rehearing denied October 17, 1977.]

*John E. Eisele, Billie W. C. Schuyler,* of Anderson, for appellant.

*Al S. Woolbert,* of Anderson, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Appellant-defendant Anderson Federal Savings and Loan Association (Anderson Federal) appeals from a judgment in which it was ordered to turn over a savings certificate from the guardianship of Annie E. Davidson to her successor guardian, claiming lack of due process, lack of personal jurisdiction, and the judgment was contrary to law.

We reverse.

## FACTS

On April 17, 1970, Wilbur Walford (Walford) was appointed guardian of the person and estate of Annie E. Davidson. After Walford used guardianship assets as collateral for personal loans at a number of banks, including Anderson Federal, he was removed as guardian. Patrick Cunningham (Cunningham) was appointed successor guardian on July 1, 1974.

On July 8, 1974, Cunningham filed a petition for an accounting. On that date, the court ordered Walford to turn over all assets of the guardianship to Cunningham and a subpoena duces tecum was issued to Anderson Federal for all financial records in its possession relating to the guardianship.

A hearing was held on July 25th, 1974, and again on February 6th and 7th, 1975, on Cunningham's petition for an accounting, during the course of which he alone presented evidence. Anderson Federal appeared (pursuant to the sub-

poena duces tecum) and participated to the extent of raising certain objections and conducting a limited cross-examination of Walford. That cross-examination was interrupted by the judge and was not resumed.

At the conclusion of Cunningham's presentation and before Anderson Federal had the opportunity to present any evidence, Cunningham moved that Anderson Federal be ordered to turn over the savings certificate in its possession to him as successor guardian. Anderson Federal, who claimed both a security interest in the certificate and a right to a portion of the interest, objected and the trial judge said, "They (Anderson Federal and another bank similarly situated) have a right to complete their cases." Later he added, "I think Billie (Schuyler) [attorney for Anderson Federal] is entitled to have his say. I'm sure he isn't through."

When Cunningham renewed his turn-over Motion Anderson Federal objected and said, "Your honor, we'd like to complete the evidence here in this case."[1] He later added, "I don't know what Mr. Woolbert's [attorney for the successor guardian] up to here unless he's trying to end the case prematurely."

After continued discussion the Court said, "So let's continue here and then get another date and continue some more until all the evidence is in." When another party questioned Anderson Federal's standing to object to a turn-over order, the judge said, "I don't know either but they (Anderson Federal) have the right to their day in court." And later he said, "We'll set this down, (for a further hearing) and each side will have their hearing out and then you can brief it." And still later he said, "Let's set this down for further hearing." The hearing was continued at that point.

---

1. Another bank with an interest similar to Anderson Federal also participated in the proceedings and its attorney objected that, "We had no idea of what type of presentation of evidence would be here. We've had no chance to obtain rebuttal evidence in its entirety other than cross-examination of the former guardian." The judge assured him, "You'll have time for that. . . ."

A further hearing was held on June 12, 1975, when Anderson Federal received Cunningham's written turn-over motion. At that hearing Anderson Federal did participate by making argument before the court, but despite the judge's prior assurances, were again given no opportunity to present evidence. Anderson Federal complained that it had no notice of what this hearing was about and said, "I'm not prepared here today to go any further with Mr. Cunningham's motion." At the conclusion of the hearing, the judge ordered Anderson Federal to turn over the savings certificate.

Anderson Federal was never made a party to the action nor did it seek to become a party.

## ISSUES

Three issues are raised which we must consider in reaching our decision:

1. Did the trial court have jurisdiction over Anderson Federal?

2. Does Anderson Federal have standing to raise lack of procedural "due process" under the Fourteenth Amendment?

3. Was Anderson Federal denied the fair opportunity to present its evidence guaranteed under the Due Process Clause?

Anderson Federal initially contends that because it was before the trial court merely to answer a subpoena duces tecum, and it had never been properly joined as a party, it could not have come under the court's jurisdiction.

Cunningham responds that because Anderson Federal participated, addressed the court and questioned witnesses, it had submitted itself to the court's jurisdiction.

As to the second issue, Anderson Federal contends that it has standing to require due process because it executed

what it believed to be a valid security agreement using the savings certificate to secure loans given to Walford, at a time he was still guardian.

Cunningham responds that the loan agreement was void, and the property interest Anderson Federal claims does not exist. Without this interest, Anderson Federal has no standing to raise due process.

As to the third issue, Anderson Federal contends that despite the fact it claimed a security interest, it was denied due process because the trial court failed to allow it to present evidence before ordering the certificate turned over. It was not allowed to call witnesses, nor even given the opportunity to fully cross-examine adverse witnesses. It requested an opportunity to present evidence, but despite assurances by the trial judge, was denied that opportunity.

Cunningham responds that Anderson Federal waived any right to due process by failing to request the opportunity to present witnesses at the final hearing.

## DECISION

ISSUE ONE

CONCLUSION—Anderson Federal submitted itself to the jurisdiction of the trial court by participating in the hearings.

The rule was early established that a person by taking any action in the case which amounts to an appearance thereby confers jurisdiction over his person so as to authorize a personal judgment against him, regardless of whether he had been served with process. *City of New Haven v. Indiana Suburban Sewers, Inc.* (1972), 257 Ind. 609, 277 N.E.2d 361; *Hust v. Conn* (1859), 12 Ind. 257, 258; *Kegg v. Welden* (1858), 10 Ind. 550; *Kinser v. DeWitt* (1893), 7 Ind. App. 597, 599, 34 N.E. 1014. *See also* C. LOWE, WORKS' INDIANA PRACTICE § 5.9 at 134 and n. 2 (4th ed. 1947).

Anderson Federal objected to testimony at both hearings, inspected the evidence, conducted a limited cross-examination of a witness, and made oral argument to the court. While Anderson Federal was never properly joined as a party, it participated to a sufficient degree to make the rule of *Hust* apply.

## ISSUE TWO

CONCLUSION—Anderson Federal has sufficient standing to assert "due process" under the Fourteenth Amendment.

In order for Anderson Federal to assert lack of procedural "due process," it must demonstrate sufficient "property" interest, *Board of Regents of State Colleges* v. *Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Perry* v. *Sindermann* (1972), 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; *Town of Speedway* v. *Harris* (1976), 169 Ind. App. 100, 346 N.E.2d 646. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it." *Roth*, 92 S.Ct. at 2709.

In determining whether a party possesses a "property" interest, *Roth* held,

> . . . a weighing process has long been a part of any determination of the form of hearing required in particular situations by procedural due process. But, to determine whether due process requirements apply in the first place, we must look not to "weight" but to the nature of the interest at stake. *Roth*, 92 S.Ct. at 2705-2706.

In the instant case Anderson Federal claimed two property interests in the savings certificates, a security interest and a right to a portion of the certificate to pay past-due interest, which are legitimate "property" rights recognized and enforceable under Indiana law. *See* INDIANA CODE, 28-1-21-23 (a).

So Anderson Federal has standing to raise the due process question.

ISSUE THREE

CONCLUSION—Anderson Federal was denied the opportunity to present evidence on behalf of its claim to a property interest in the savings certificates.

Although the elements of due process in a civil proceeding are "not readily definable with precision," *Neill* v. *Ridner* (1972), 153 Ind. App. 149, 155, 286 N.E.2d 427, 430, the "opportunity to be heard" is a fundamental requirement.[2] *See Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; *Town of Speedway* v. *Harris, supra.*

The right under the due process clause to a full hearing includes the opportunity of the party whose rights are sought to be affected to introduce evidence and have judicial findings based upon it. *Gonzales* v. *U.S.* (1955), 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467; *Baltimore & O. R. Co.* v. *U.S.* (1936), 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209. *See also Hager* v. *Reclamation Dist. No. 108* (1884), 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569.

In *Goldberg* v. *Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, the Supreme Court expanded this principle holding that the opportunity to be heard includes an effective opportunity to defend by confronting adverse witnesses and by presenting one's own arguments and evidence even in an administrative hearing denying welfare benefits.

Indiana cases have similarly concluded that the opportunity to be heard is a fundamental requisite of due process.

2. In *Fuentes* v. *Shevin* (1972), 407 U.S. 67, 79, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, the Supreme Court held,

The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decisionmaking when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. . . . [It] reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference. See *Lynch* v. *Household Finance Corp.*, 405 U.S. 538, 552, 92 S.Ct. 1113, 1122, 31 L.Ed.2d 424.

See *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N.E. 965; *State* v. *Superior Court of Marion County* (1959), 239 Ind. 384, 158 N.E.2d 164.

This opportunity to be heard applies to third parties who are needed to adjudicate an issue, and whose rights might be adversely affected by such an adjudication. *Bittinger* v. *Bell* (1879), 65 Ind. 445. In *McMahan* v. *Works* (1880), 72 Ind. 19, a garnishment case, the court was solicitous of the property interests of third parties:

> . . . in this proceeding it is proper that third persons should be made parties, not solely "to answer as to any property held by them belonging to the judgment defendant, or as to their indebtedness to him," *but to answer as to any interest or conflicting claim which they may have* or pretend to have to the property or credits sought to be reached. (emphasis supplied) 72 Ind. at 22.

Likewise in *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E. 2d 612, it was held that a mortgagee must be made a party to a divorce before the trial court could make an order relieving the wife from liability for a mortgage note she had jointly signed. *See also Edwards* v. *Edwards* (1961), 132 Ind. App. 567, 177 N.E.2d 919.

Thus the idea consistently emerges from the caselaw of this state that a third person, whose rights or claimed rights are to be affected by an adjudication, must be accorded an opportunity to be heard before a deprivation may legally occur.[3,4]

This concept was recently recognized in *Redmond* v. *United Airlines, Inc.* (1975), 165 Ind. App. 395, 332 N.E.2d 804, in which this court observed:

---

3. Indiana has provided for easy joinder of parties whose interests are to be affected by pending litigation, INDIANA RULES OF PROCEDURE, TR. 19 and 20.

4. We note that while Indiana has never specifically applied this rule to the guardian and ward context, it has been the rule in other jurisdictions that persons who have an interest in, or claim on, the property in controversy between the guardian and ward are necessary parties to the dispute. *McCallum* v. *Bryant* (1956), 212 Ga. 348, 92 S.E.2d 531; *Owen* v. *Hines* (1947), 227 N.C. 236, 41 S.E.2d 739.

We find no authority in our Rules of Trial Procedure for a finding for the plaintiff at the close of his case prior to the presentment of evidence by the defendant. See TR. 41(B) ; TR. 50(A) ; TR. 55(B) ; TR. 56. When the plaintiff made such a motion under prior practice, disposition of the case in his favor "would of course be subject to the defendant's right to present his own evidence." 332 N.E.2d at 806, n.3.

Throughout the guardianship proceedings, Anderson Federal and another bank similarly situated, were led to believe by the trial court that they would be afforded an opportunity to present evidence as to their property interest in the savings certificates . . . an opportunity which never arrived. Instead, much as in *Redmond,* judgment was unexpectedly entered against the asserted claimant.

Furthermore, it is irrelevant that no legitimate defense may be available to Anderson Federal. A "defendant" must be allowed the opportunity to present whatever defense he judges worthy.[5]

Nor do we believe this right to present evidence was waived. Anderson Federal raised several objections to Cunningham's premature attempts to close the case. The trial judge repeatedly assured Anderson Federal that it would be allowed to present adverse evidence, assurances on which Anderson Federal obviously relied. Hardly a classic example of waiver.

Thus, our reading of the record convinces us that fundamental procedural due process in the sense of denial of its right to be fully heard, has been denied Anderson Federal.

Reversed and remanded with instructions for further proceedings not inconsistent herewith.

Sullivan, J. and Robertson, C.J. (by designation), concur.

NOTE.—Reported at 364 N.E.2d 781.

5. *See Western Pattern & Manufacturing Company* v. *American Metal. Shoe Co.* (1921), 175 Wis. 493, 185 N.W. 535.