Seymour M. BAGAL, Appellant (Respondent Below),

v.

Delores BAGAL, Appellee (Petitioner Below).

No. 4–1282A369.

Court of Appeals of Indiana, Fourth District.

Aug. 30, 1983.

Jon R. Pactor, Indianapolis, for appellant.

Stephen A. Gross, Burris, Gross, Burris & Margerum, Indianapolis, for appellee.

CONOVER, Presiding Judge.

Seymour Bagal (Seymour) appeals the trial court's award of $44,250.00 support arrearages to Delores Bagal Elliot (Delores).

We reverse.

ISSUES

Although Seymour presents several issues, two are dispositive:

1. Whether Delores was required to file a new action in a different venue because the trial court lost jurisdiction when the children were emancipated.

2. Whether the trial court erred by entering Delores's proposed judgment without prior notice to or agreement by Seymour.

FACTS

Seymour and Delores were divorced August 30, 1968. The decree ordered Seymour to pay $60.00 per week child support for each of their two daughters. Seymour made payments directly to Delores. None

were first deposited with the county clerk or otherwise officially recorded. One child became emancipated February 1, 1979, the other June 1, 1980.

After Delores filed a petition for contempt citation to determine support arrearages, the court granted Seymour's motion for summary judgment on the basis contempt did not lie. Delores then filed a "Combined Motion to Determine Support Arrearage and for Proceedings Supplemental."

At a hearing thereon, the parties agreed proceedings supplemental could not be ordered at that time. The trial court then stated:

> I have a motion for continuance filed by Mr. Bagal which was denied. However, the Court in chambers made the statement that due to his condition of not being here I will hear the testimony [of Delores] and if it's necessary for [Seymour] to give testimony that I would set an immediate hearing—bifurcated hearing for him to come and give that testimony. It will be immediate, there won't be any delay, there's been enough delays on it. (R. 59)

At the hearing there was no question as to whether arrearages were due, only the amount was at issue.

The trial court asked Seymour's counsel if he could compare his records of payments with Delores's testimony and agree with her attorney as to the amount due. When the parties questioned whether some payments were for support or were gifts, the court stated more evidence might be required. The court told Delores's counsel:

> [W]e'll leave it this way, Mr. Gross, this Court will expedite getting the second hearing. I'm going to expect you to contact this Court sometime in the next— will your girls do that in what, two weeks, that figuring?

and later said to Seymour's counsel:

> Then I will expect you to know whether you're going to have to set a hearing and

expect you to get ahold of my girl and you may want to wait until [Mr. Gross] gets back before you actually set it to make sure we get the thing. *Within the next three to four weeks I expect to see another setting or an agreement.* (Emphasis supplied.)

No further hearings were held. On July 16, 1982, Delores submitted a proposed judgment, along with an abstract of support payments. The record does not show these documents were based upon an agreement or that they were served on Seymour or his counsel prior to submission. The trial court entered the proposed judgment August 3, 1982, without further hearing. The abstract was later entered of record by order of this Court.

## DISCUSSION AND DECISION

### I. Jurisdiction

Seymour argues the trial court's jurisdiction was divested when the children were emancipated, and Delores therefore had to file a new action in a different venue pursuant to Ind.Rules of Procedure, Trial Rule 75. We disagree.

Section 31–1–11.5–12 provides in relevant part:

> (a) In an *action* pursuant to section 3(a) *or*, 3(b) [I.C. 31–1–11.5–3(a) or I.C. 31–1–11.5–3(b) ],[1] the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct, after considering all relevant factors....
>
> (d) The duty to support a child under this chapter ceases when...
>
> (1) The child is emancipated prior to his twenty-first birthday.... (Emphasis supplied.)

Section 31–1–11.5–13 then provides in relevant part:

> (e) Upon *application* to the court for enforcement of an order for support, the court may:
>
> (1) Enter a *judgment* against the person obligated to pay support requiring that person to pay all unpaid obligations

---

1. IC 31–1–11.5–3(a) creates a cause of action for dissolution of marriage.

IC 31–1–11.5–3(b) creates an action for child support.

to the person entitled to receive payments. . . . (Emphasis supplied.)

 Thus, child support may be either the subject of a separate "action" under IC 31–1–11.5–3(b) *or* an "application" in an action for dissolution under IC 31–1–11.5–3(a), *Statzell v. Gordon,* (1981) Ind.App., 427 N.E.2d 732, see also, Buck, *Domestic Relations, 1982 Survey of Recent Developments in Indiana Law,* 16 Ind.L.Rev. 171, 180; Townsend, *Secured Transactions, 1982 Survey, supra,* 16 Ind.L.Rev. 315, 330–31.

*Statzell* is not inconsistent with either *Brokaw v. Brokaw,* (1980) Ind.App., 398 N.E.2d 1385, or *Kuhn v. Kuhn,* (1980) Ind., 402 N.E.2d 989, as Seymour contends. *Brokaw* simply re-affirmed a trial court's statutorily granted power to adjust support orders to meet changing conditions while children are minors, it did not discuss enforcement of previously issued support orders. *Kuhn* held support arrearages must be reduced to a lump sum judgment before proceedings supplemental can be invoked. As the *Statzell* court explained, *Kuhn* did not hold an "action" under IC 31–1–11.5–13 required a new complaint, independent of the original dissolution action, be filed. *Statzell, supra,* 427 N.E.2d at 734.

 Seymour's venue argument is based on the necessity of a new suit being filed. Since a new action was not required, the venue argument falls.[2]

## II. Failure of Notice

Seymour claims the trial court improperly accepted and entered the judgment tendered by Delores, because he had not been served with copies of the proposed judgment and abstract or otherwise notified of their submission to the trial court. Delores

argues, however, the proposed judgment she submitted was based on an agreement between the parties under which Seymour was given credit for all payments he made.

 The record on appeal is silent as to whether Seymour agreed to the proposed judgment and payment abstract. Absent agreement, he had a right to present evidence as to the support payments he made.

 In *Anderson Federal Savings & Loan Association v. Guardianship of Davidson,* (1977) 173 Ind.App. 549, 364 N.E.2d 781, an action for an accounting against a prior trustee, the trial court permitted Anderson Federal to cross-examine witnesses but not to present evidence, even though it repeatedly requested, and was promised, the opportunity to do so. Eventually the trial court ordered Anderson Federal to surrender a savings certificate to the current trustee. On appeal we reversed, holding constitutionally mandated due process requirements were triggered because the proceedings deprived Anderson Federal of its "property" interest in the certificate. The elements of procedural due process required in civil proceedings are not definable with precision, but the opportunity to be heard is fundamental, and Anderson Federal had not waived its right to be heard. *Id.,* 173 Ind.App. at 555, 374 N.E.2d at 784. Other cases support our conclusion, cf. *Town of Portage v. Clifford,* (1970) 254 Ind. 443, 260 N.E.2d 566; *Nysewander v. Lowman,* (1890) 124 Ind. 584, 24 N.E. 355; *Kosanovich v. Meade,* (1983) Ind.App., 449 N.E.2d 1178 at 1181 (Hoffman, J., dissenting); *Redmond v. United Airlines, Inc.,* (1975) 165 Ind.App. 395, 332 N.E.2d 804.

 The arrearages judgment rendered in this case would deprive Seymour of

---

**2.** Seymour also argues Delores violated T.R. 58 because her attorney submitted the proposed judgment without being asked to do so by the trial court. We initially observe the trial court's statements it wanted a resetting or agreement might be construed as a request for a judgment if an agreement were reached as to arrearages due. Secondly, this court has held previously the provisions of T.R. 58 regarding submission of judgments are merely intended to prevent unnecessary delays and occasional

confusion caused by trial courts awaiting submissions of judgments by attorneys. Thus, this court concluded violation of this provision of T.R. 58 did not create an appealable issue. *First Valley Bank v. First Savings & Loan Association of Central Indiana,* (1980) Ind.App., 412 N.E.2d 1237, 1245–46 (Buchanan, C.J.). For a similar analysis of the parallel federal rule, see 6A Moore's Federal Practice ¶ 58.-04[6], at 58–201–58–202.

"property" interests protected by procedural due process under the *Anderson Federal* rule. Seymour was not accorded due process because the trial court entered the proposed judgment and abstract of payments without prior notice and an opportunity to be heard being afforded him. Seymour must be granted a hearing in which he may present his evidence before a valid judgment may be entered.

Seymour makes other arguments which we need not discuss because we reverse.

The decision is reversed, and this case is remanded for proceedings consistent with this opinion.

YOUNG, J., concurs.

SULLIVAN, J. (sitting by designation), concurs.