Ward W. MILLER, Judgment
Creditor/Plaintiff,

v.

Samuel S. CONTE, Judgment
Debtor/Defendant,

v.

Peter CONTE, Carol Conte, and The
United States of America,
Garnishee, Defendants.

Civil No. 1:97CV195.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 4, 1997.

Ward W. Miller, Bloom Bloom More and Miller, Fort Wayne, IN, for Ward W Miller, plaintiff.

Mark A. Warsco, Warsco and Brogan, Fort Wayne, IN, James T. Young, Warsco Brogan and Strunk, Fort Wayne, IN, for Samuel S. Conte, defendant.

Mark A. Warsco, Warsco Brogan and Strunk, Fort Wayne, IN, for Carol Conte, garnishee.

Deborah M. Leonard, U.S. Attorneys Office, Fort Wayne, IN, for U.S., garnishee.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a motion to dismiss filed by the United States of America. The parties completed briefing the motion on July 3, 1997, and the court held a hearing on the motion on July 16, 1997. For the following reasons, the United States' motion will be granted.

### Discussion

The United States filed its Notices of Federal Tax Lien in Allen County, Indiana, against the "judgment defendant," Samuel S. Conte ("Conte") on May 17, 1985 and June 7, 1985 with respect to 100% penalty taxes for the period ending June 30, 1984 (both the May 17, 1985 and June 7, 1985 Notices of Federal Tax Lien were refiled in the Allen County Recorders Office on February 12, 1991), and February 16, 1988, and June 30, 1993 with respect to 100% penalty taxes for the period ending December 31, 1985.

On September 26, 1990, the plaintiff, Ward W. Miller ("Miller"), obtained a judgment against Conte in the amount of $50,244.81. The judgment was originally obtained by Miller in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, in case number 88–

1084. Miller was at that time the attorney for the trustee. The United states was a party to the bankruptcy proceeding and filed its proof of claim therein showing its liens and secured status. The judgment was assigned to Miller and domesticated in the Allen Superior Court for purposes of enforcement, with Allen Superior Court's judgment of January 6, 1997.

On or about September 8, 1992, Conte inherited approximately $57,841.83 in non-exempt marketable securities and cash from his deceased mother. Conte sold the securities via an out-of-state broker and then transferred the funds into an account held solely under the name of his wife. Later, Conte's inheritance, along with additional funds supplied by Conte's wife and son, were utilized to purchase real estate located in Allen County, Indiana, commonly known as 1705 Buckskin Drive, Fort Wayne, Indiana 46804. The real property was held in the name of Conte and his wife as tenants by the entirety and the son as a tenant in common.

On or about February 27, 1997, Miller filed a Verified Motion For Proceeding Supplemental To Execution in the Allen superior Court against Samuel Conte as defendant and Peter Conte and Carol Conte as garnishee defendants alleging that the transfer of Conte's inheritance into his wife's bank account, and then into a tract of land titled in the names of persons who did not provide consideration (the wife and son), was a fraudulent transfer. As relief, Miller requested that the court set aside the fraudulent transfer in question and declare the land to have been owned in equity by Conte in order that Miller could satisfy his judgment lien from the real estate.

On or about May 12, 1997, Miller filed his Verified Motion to Include the United States of America Into the Proceeding Supplemental Commenced February 17, 1997, in order for the United States to defend or assert its alleged lien rights as a garnishee defendant. On May 12, 1997, the Allen Superior Court in an Ex Parte Order, ordered the United States to appear and answer as to its lien position. On June 5, 1997, the United States removed the action to this court.

■ The United States first argues that this action should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the United States has not waived its sovereign immunity and consented to be sued in this matter.

The doctrine of sovereign immunity was set forth in *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), as follows:

> It is elementary that the United States, as sovereign is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain that suit. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

In the present case, the United States argues that Miller has not alleged any grounds which show that the United States has waived its sovereign immunity in this action. The United States points out that Miller's original action is merely a suit to set aside the fraudulent conveyance in order to place title to real property solely in Conte's name so that Miller may, in the future, execute his judgment lien on the property. The United States argues that if Miller is seeking to quiet title in the property or to foreclose the various lien interests in the property, then Miller must bring an action under 28 U.S.C. § 2410. Section 2410 is an express waiver of sovereign immunity by Congress on behalf of the United States, which allows the United States to be sued. The United States claims that since Miller has not initiated this action under § 2410, the United States has not waived its sovereign immunity and must be dismissed from the present action.

Miller, in response, contends that this proceeding supplemental seeks judicial sale of the land to subject it to Miller's personal property judgment lien, and is such a foreclosure proceeding for which federal liens can be subjected to state process. However, as the United States notes in its reply, Miller's pleadings only indicate that he is pursuing a

suit to set aside a fraudulent conveyance. Clearly, such an action is not listed under § 2410, which waives sovereign immunity. Miller does not indicate in his pleadings that he is seeking a judicial foreclosure of the liens. Further, Miller does not allege that he seeks to include the United States in his proceeding supplemental pursuant to § 2410. Additionally, the United States points out that if Miller is seeking foreclosure of the liens and sale of the real property, under Indiana law, his foreclosure action must be done by a complaint in the same manner as real estate mortgage foreclosures. Trial Rule 69(e) of the Indiana Rules of Trial Procedure; IC § 32–8–16–1.

This court finds that the United States' position to be well taken. Miller's pleadings do not demonstrate any waiver of sovereign immunity. If Miller intends to set aside a fraudulent conveyance and foreclose the liens against the subject property, he should file a new complaint in state or federal court requesting a foreclosure of the liens in accordance with 28 U.S.C. § 2410.

■ The United States has also argued that this action must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. IC § 34–1–44–5 provides that a third party may be required to appear and answer in a proceeding supplemental if the party has property of the judgment debtor or will from time to time be indebted t the judgment debtor. Trial Rule 69(e) of the Indiana Rules of Trial Procedure states that a plaintiff may enforce a proceeding supplemental to execution against the garnishee defendant only if the plaintiff files a verified motion or affidavit in the court where the judgment is rendered alleging that the garnishee has or will have specified or unspecified non-exempt property of, or an obligation owing to the judgment debtor subject to execution or proceeding supplemental to execution.

The United States argues that Miller has only alleged that the United States has a lien filed against Conte. Miller has failed to allege that the United States has or will have specified or unspecified non-exempt property of, or an obligation owing to the judgment debtor subject to execution or proceeding supplemental to execution. The United States argues that Miller must allege more

than a mere lien interest in the property subject to proceeding supplemental, Miller must allege that the United States holds property belonging to the debtor or has a property interest in the subject property. *McMahan v. Works,* 72 Ind. 19 (1880); *Anderson Federal Savings and Loan Association v. Guardianship of Annie E. Davidson,* 173 Ind.App. 549, 364 N.E.2d 781 (1977).

According to the United States, since its lien interest previously attached to Conte's inheritance at the time Conte obtained the inheritance, it will not be adversely affected by the suit to set aside the fraudulent conveyance. The United States further states that it is not a needed party to adjudicate the action against Conte. *Bittinger v. Bell,* 65 Ind. 445 (1879). Thus, the United States requests to be dismissed from the present action.

Again, this court finds the United States' argument to be well taken. As a mere lien holder, the United States has no property belonging to Conte, is not indebted to Conte, and has not made any conflicting claim to Conte's property. Clearly, the United States is not a proper garnishee-defendant in this case.

### Conclusion

For all of the foregoing reasons, the United States' motion to dismiss is hereby GRANTED.