SMITH, ETC., ET AL. *v.* MARKUN, ET AL. D/B/A
MARKUN CONSTRUCTION COMPANY.

[No. 18,515. Filed June 10, 1954.]

*Edward J. Fillenwarth, Ralph B. Gregg* and *John A. Carson,* all of Indianapolis, for appellants.

*George Rose,* of Indianapolis, for appellee.

ROYSE, J.—This is an appeal from an interlocutory order of the Superior Court of Marion County, Room No. 3, granting appellees a temporary injunction against appellants.

The error properly assigned here is that the trial court erred in granting a temporary injunction to appellees. *Goldsmith, et al.* v. *City of Indianapolis, et al.* (1935), 208 Ind. 465, 466, 196 N. E. 525.

In view of the conclusion we have reached, it is necessary to consider only one of appellants' contentions.

At the conclusion of appellees' evidence in this case appellants moved for a finding in their favor because the appellees had failed to establish prima a facie case and failed to submit any evidence under which the court could, under any law of this state, issue such a temporary restraining order. The trial court made the following order in overruling that motion:

> "The Defendants' Motion is overruled, and, the Defendants having failed to reserve, in their motion, their right to proceed with their evidence, in the event said motion should be overruled, and said Motion being overruled, the case must rest on the evidence submitted by the Plaintiff, and the Court now renders its Special Finding of Facts and Conclusions of Law, as follows, to-wit:"

Appellants made the following objection to such order:

> "The Defendants, separately and severally, object to the Court's refusing to permit the Defendants to submit evidence in the case following the Court's overruling the Defendants' Motion for Judgment at the end of the Plaintiffs' evidence, and we except to the ruling of the Court."

So far as we have been able to ascertain this is the first time this precise question has been presented to

either this Court or our Supreme Court. The parties hereto in their briefs have cited numerous cases in which there is language used which tends to support their respective contentions. However, an examination of the question presented in those cases discloses the decisions were based on questions clearly distinguishable from those presented herein.

The case of *Michigan Central Railroad Company* v. *Spindler, Administrator* (1937), 211 Ind. 94, 5 N. E. 2d 632, cited by appellants in their reply brief, in our opinion states the correct rule for deciding the question before us. In that case the record, as disclosed by the opinion, shows that at the close of the plaintiff's evidence the defendant made the following motion:

> "Comes now the defendant at the close of the evidence of the plaintiff, and moves the court to instruct the jury to return a verdict for the defendant."

Thereupon, plaintiff filed the following motion:

> "Comes now the plaintiff at the close of the plaintiff's evidence, and before the defendant introduces any evidence and after the defendant has filed a written motion that the court instruct the jury to return a verdict for the defendant, and moves the court to instruct the jury to return a verdict for the plaintiff."

The opinion then quotes the following from the transcript:

> " 'The defendant's motion for the court to instruct the jury to return a verdict for the defendant is now overruled by the court, to which ruling of the court in overruling said motion the defendant at the time excepts.'

> 'The defendant now moves the court that the trial proceed before the Jury and that the defend-

ant be permitted to introduce its evidence in defense, to which motion the plaintiff objects for the reason that plaintiff's motion for a directed verdict has not been ruled upon.'

'Plaintiff's objection is sustained and the defendant's motion to proceed with the trial before the jury is denied, to which ruling of the court in denying the defendant's motion the defendant at the time excepts.'

'Plaintiff's motion to direct the Jury to return a verdict for the plaintiff is now sustained by the court, to which ruling of the court in sustaining plaintiff's motion, the defendant at the time excepts.'

'The defendant objects to the discharging of the Jury by the court, which objection is overruled by the court, to which ruling the defendant excepts and the Jury are now discharged, to the discharge of the Jury by the court, the defendant excepts.'

'This cause is now taken under advisement by the court.' "

After a review of the numerous cases from this State and other jurisdictions, the Supreme Court, speaking through Judge Roll, said:

"From the above cases we conceive the rule to be that, where both parties request the court to direct a verdict in their favor either at the close of plaintiff's evidence, or at the close of all the evidence, and upon the refusal of the court to give it, the party whose motion is denied may insist by appropriate request upon proceeding with the trial, the same as if no motions at all had been made, if the motions are made at the close of plaintiff's evidence or if the motions are made at the close of all the evidence, if the evidence is conflicting or the inferences to be drawn therefrom are divergent.

"Some of the language used by the court in the Indiana Appellate Court cases and in fact in the other cases above cited is not exactly accurate. The rule as stated by appellee, to-wit, that the filing of the motion for a directed verdict by both parties is, of itself, a waiver of a jury is not cor-

rect and a careful reading of the authorities does not sustain this conclusion. Suppose the defendant alone filed a motion for a directed verdict at the close of plaintiff's evidence, but the plaintiff made no motion at all and under such circumstances the court denied the defendant's motion and directed a verdict for the plaintiff. If the defendant made no objection to such action and made no request to continue the trial and submit the case to the jury, could he be heard to complain? He certainly could not, *but he would have room for complaint if after the court overruled his motion for a directed verdict he requested the court to proceed with the trial and that he be permitted to introduce his evidence to the jury, for in such a case it seems clear that he did not waive his right to a jury.* If this be true would it not be strange reasoning to hold that because plaintiff filed a motion for a directed verdict at the time the defendant filed his motion, to say that such action on the part of the plaintiff would have the legal effect of waiving a jury for and on behalf of the defendant. We do not think anyone can waive the defendant's right of a trial by a jury, except the defendant himself. If the defendant in the case at bar had waived a jury trial it must be found in something he had done or failed to do himself rather than something the plaintiff has done. So we conclude that the filing of the motions themselves does not constitute the waiver, but it is the failure to object to the withdrawal of the case from the jury that constitutes the waiver. We think this proposition was clearly recognized by the Supreme Court of the United States in the case of *Beuttell* v. *Magone, supra* (1895, 157 U. S. 154), and also the case of *Empire State Cattle Co.* v. *Atchison, etc., Co., supra,* (210 U. S. 1). Indeed the early cases decided by the Appellate Court of this state recognize this rule." (Our emphasis.)

This is the general rule. 53 Am. Jur., p. 272, §339.

Therefore we hold that in cases where a defendant, at the conclusion of plaintiff's evidence, moves the court

for a finding in his favor and does not, in said motion, reserve the right, in the event the motion is overruled, to introduce his evidence, he is not precluded from presenting such evidence if he timely requests the right to do so after his motion is overruled.

The judgment is reversed, the special finding of facts and conclusions of law thereon are vacated, and this cause is remanded to the Superior Court of Marion County, Room 3, with instructions to sustain appellants' motion to introduce their evidence in this case, and for further proceedings in accord with the rule announced herein.

NOTE.—Reported in 119 N. E. 2d 899.