# FOR PUBLICATION



FILED

Feb 28 2013, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

<u>ATTORNEYS FOR APPELLANT</u>:

**MEGAN L. CRAIG**
**JOHN R. CRAIG**
Craig, Craig & Maroc, LLC
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

EAGLE AIRCRAFT, INC.,               )
                                    )
    Appellant,               )
                                    )
       vs.                 )    No. 64A04-1207-SC-386
                                    )
ANTHONY TROJNAR,                    )
                                    )
    Appellee.                )

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable David L. Chidester, Judge
Cause No. 64D04-1106-SC-2795

**February 28, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Eagle Aircraft, Inc. ("Eagle Aircraft") appeals the small claims judgment in favor of Anthony Trojnar and order denying in part its motion to correct errors. Eagle Aircraft raises three issues on appeal which we revise and restate as:

I.      Whether the court, in taking Eagle Aircraft's Ind. Trial Rule 41(B) motion under advisement and subsequently adjourning the hearing, denied it an opportunity to introduce evidence;

II.     Whether the court abused its discretion or erred in finding, as amended by its order on Eagle Aircraft's motion to correct errors, in Trojnar's favor; and

III.    Whether Trojnar was unjustly enriched by the court's order.

We affirm.

FACTS AND COURSE OF PROCEEDINGS

Over a period of several years, Trojnar rented planes from Eagle Aircraft, and he would periodically put money into an account "so [he] wouldn't have to pay every time [he] came in . . . ." Trial Transcript at 4. Trojnar became dissatisfied with Eagle Aircraft's service because "it seemed every time that [he] would book a plane, or several times, [he] would get a call the night before that the plane wasn't available" and "[i]t would be suggested that [he] was being done a favor by giving [him] aircraft that was thirty five (35) some years old, and had problems." Id. at 5. Trojnar asked Eagle Aircraft to close out his account and for the money to be returned. Trojnar did not receive a refund of the money in his account which totaled $1,855.88.

On June 13, 2011, Trojnar filed a notice of claim naming Eagle Aircraft, as well as "John Slegers" and "Lenore Joy Segers [sic]" as defendants, and demanding $1,855.88 plus interest. Appellant's Appendix at 1. On April 20, 2012, a small claims trial was

2

held in which Trojnar appeared *pro se* and Eagle Aircraft appeared by counsel. At trial, Trojnar began by testifying as to his version of the facts. Afterwards, Eagle Aircraft was given the opportunity to cross-examine Trojnar, and it introduced a document titled "Refund Policy and Pricing Guidelines" which stated in part, under the heading "<u>Course Refund Policy</u>," that "[p]repaid flight accounts are NON REFUNDABLE, according to the guidelines below," and noted that "[a]ccording to IN Law, courses are fully refundable within 72hrs of prepayment, less any hours used or pilot supplies purchased," and "[i]f over 72hrs, then no refund applies, except under extenuating circumstances." Defendant's Exhibit A. The document was signed by Trojnar, on the line "Student Signature," on January 6, 2006, and also was signed by Eagle Aircraft. <u>Id.</u> The document also stated that "[e]xceptions to this policy can ONLY be made for extenuating circumstances, which will be reviewed and decided upon by Management." <u>Id.</u> Eagle Aircraft also introduced documents titled "Eagle Aircraft Renter Compliance Agreement" and "Eagle Aircraft Rental Policy." Defendant's Exhibits B, C. Eagle Aircraft also introduced as Defendant's Exhibit D a ledger detailing Trojnar's account with Eagle Aircraft.

Following Eagle Aircraft's cross-examination of Trojnar, it moved for dismissal pursuant to Ind. Trial Rule 41(B), arguing that Trojnar "failed to overcome the clear burden of . . . Exhibit A," and the court took the motion under advisement.[1] The court then briefly discussed Exhibit A with Trojnar and asked Trojnar about his theory of recovery, and afterwards the court asked Eagle Aircraft: "Do you want to present any

---

[1] Eagle Aircraft also moved for relief under Ind. Trial Rule 41(B) with regard to Trojnar's claim against John and Lenor Slegers, arguing that Trojnar did not present any evidence against them as individuals and that Trojnar did not pierce the corporate veil.

3

evidence?" Trial Transcript at 12. Counsel for Eagle Aircraft responded: "The documents speak for themselves," and the court replied: "All right, I'll read over what you have and make a ruling before the end of the business day, you'll get it in the mail, okay?" Id.

Later that same day, the court issued its small claims judgment in favor of Trojnar in the amount of $1,855.88 plus eight percent interest per annum. The court also issued a decision and judgment in which it recited facts, which it noted "are **NOT** to be considered *Special Findings* but are for the convenience of the litigants," and which stated that Eagle Aircraft "presented no evidence but relied upon its exhibits," that "[a]lthough in small claims court, [Eagle Aircraft] moved for judgment after the presentation of [Trojnar's] case without calling any witnesses," and that the court examined "the exhibits and found no document which allowed [Eagle Aircraft] to keep [Trojnar's] money" because "Exhibit A[] only pertains to [Trojnar] if he was taking a course or flying lessons from [Eagle Aircraft], and does not pertain to a seasoned flyer's credit account." Appellant's Appendix at 5. The decision and judgment also stated that even if Exhibit A was applicable to Trojnar, "the documents allowed for refunds under 'special circumstances.'" Id.

On May 21, 2012, Eagle Aircraft timely filed a motion to correct errors alleging errors by the court including that the court was required to rule on its Trial Rule 41(B) motion, that Exhibit A was an enforceable contract, and that the small claims judgment results in unjust enrichment in Trojnar's favor.[2] On June 29, 2012, the court held a

[2] We note that Eagle Aircraft also stated that the court erred in not dismissing John Slegers and/or Lenore Slegers individually from Trojnar's notice of claim, and that the small claims judgment was

4

hearing on Eagle Aircraft's motion and Eagle Aircraft pointed to Exhibit D and explained that whenever Trojnar would pay $1,250 dollars into his account, it would post an additional $100 credit to the account which "was part of the arrangement between the parties as a part of the agreement to have that amount become non-refundable," and that "over the years these credits have built up." June 29, 2012 Hearing Transcript at 5. Eagle Aircraft argued that because the court threw out the contract at the trial, "the benefit of the contract should also be thrown out . . . ." Id. The court responded that it did not throw the contract out and that it "found that under the contract he was entitled to get any money he had as credits refunded back to him." Id. at 6. After a discussion regarding Eagle Aircraft's Ind. Trial Rule 41(B) motion at trial, Eagle Aircraft addressed the amount the court ordered it to pay over to Trojnar, noting that Exhibit D demonstrates that on fifteen occasions Eagle Aircraft credited $100 to Trojnar's account, for a total of $1,500, and that accordingly the $1,855.88 owed should be reduced by $1,500.

Eagle Aircraft also explained at the hearing that although Exhibit A's refund policy is titled "Course Refund Policy" and the signature line is labeled as "Student Signature," this was the document governing the relationship between Trojnar and Eagle Aircraft, that Eagle Aircraft is a school and many of the accounts they issue are for students, and that the document "is a standard form that [it] received from the Cessna Association Groups . . . and they provide these forms to schools, and places of that nature, and that's basically where they took this . . . ." Id. at 15.

rendered against "JS Aviation, Inc. d/b/a Eagle Aircraft despite the fact JS Aviation, Inc. was not a named party and no evidence regarding JS Aviation, Inc. was entered into the record." Appellant's Appendix at 15. In the court's June 29, 2012 order on the motion to correct errors, the court granted Eagle Aircraft's motion on these points, dismissing John and Lenore Slegers and correcting "the caption of the April 20, 2012 decision and judgment to reflect the proper party Defendant as: 1. Eagle Aircraft, Inc." Id. at 18.

Trojnar testified that Eagle Aircraft had a "club" where if you paid $1,200 down it would credit that person's account $100 "which is like paying less per hour per plane" and that he used various credited amounts over the course of five years. Id. at 17. Trojnar indicated to the court that each time he flew, his account would drop to a small amount and then he would replenish the funds prior to the next fight, that the money currently in his account was mostly comprised of funds he placed into the account prior to his last scheduled flight, that Eagle Aircraft did not provide him with the plane he wanted, and that he subsequently asked to close his account. Trojnar also indicated that the most recent $100 credit should be credited back to Eagle Aircraft because it "wasn't flown off in that particular period," and that he "should have only gotten" $1,755.88. Id. at 20.

That same day, the court issued an order on Eagle Aircraft's motion stating:

. . . Rule 41B is not applicable to Small Claims Court. Rule 41b, as effectuated by [Eagle Aircraft] runs afoul of Small Claims Rule 8(A) which reads:

> ***The trial shall be informal, with*** [the] ***sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be found*** [sic] ***by the statutory provisions or rules of practice, PROCEDURE, pleadings or evidence…"*** *(emphasis added),*

It was [Eagle Aircraft's] strategy to rely upon the contract and move for judgment and not present a defense. When the Court found that the contract at issue (Defendant's Exhibit A) does not apply to [Trojnar], [Eagle Aircraft] was left without argument or evidence to the Court.

At hearing on this Motion however, [Trojnar] did proffer that the contract was applicable to him. The Court accepts that testimony. He testified, however, and the Court finds it credible, that he met the terms of the contract allowing for exceptional circumstances and that he should have [been] given a refund of his money in account with Eagle Aircraft. He stipulates that a $100 debit from his account is applicable.

The Court now corrects its error, and amends the Judgment to be $1855.88 minus the $100, for a new judgment of $1755.88 and costs.

Appellant's Appendix at 18.

Before addressing the issues raised on appeal, we observe that Trojnar elected not to file a brief in this matter. "When an Appellee fails to submit an appellate brief, it is within this court's discretion to reverse the trial court's ruling if the appellant makes a prima facie showing of reversible error." Auto-Owners Ins. Co. v. Cox, 731 N.E.2d 465, 467 (Ind. Ct. App. 2000) (citing Santana v. Santana, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)). "If the appellant is unable to meet this burden, we will affirm." Id. "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." Tisdial v. Young, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010) (quotation omitted). Here, however, and in recognition of the fact that this is an appeal from a small claims matter and that the record on appeal is small, we decline to apply this standard. See Auto-Owners, 731 N.E.2d at 467.

ISSUES

I.

The first issue is whether the court, in taking Eagle Aircraft's Ind. Trial Rule 41(B) motion under advisement and subsequently adjourning the hearing, denied it an opportunity to introduce evidence. As noted above, Eagle Aircraft moved for dismissal pursuant to Ind. Trial Rule 41(B), and the court took the motion under advisement. The court, prior to adjourning the hearing, asked Eagle Aircraft whether it wanted to present evidence, and Eagle Aircraft responded: "The documents speak for themselves." Trial

7

Transcript at 12. In its order on the motion to correct errors, the court ruled that Ind. Trial Rule 41(B) is inapplicable to the trial proceedings and that Eagle Aircraft's strategy was to rely upon Defendant's Exhibit A.

Eagle Aircraft argues that "[t]he Rule 41(B) Motion should have been granted, as [Trojnar] failed to produce any evidence of payment or entitlement of a refund" and "[i]f the Trial Court disagreed with that theory, [it] was required to deny the Motion . . . ." Appellant's Brief at 7. Eagle Aircraft argues that the court "ruled without allowing [Eagle Aircraft] the opportunity to present its own Case-in-Chief," and cites to Redmond v. United Airlines, Inc., 165 Ind. App. 395, 332 N.E.2d 804 (1975), and Smith v. Markun, 124 Ind. App. 535, 119 N.E.2d 899 (1954), in support. Id. Eagle Aircraft argues that "as in *Redmond*, there was not an opportunity for [it] to timely request a right to present evidence because the Trial Rule 41(B) Motion was taken under advisement, and then [it] was presented with the fiat accompi [sic] Judgment, without having ever ruled upon the Trial Rule 41(B) Motion." Id. at 7-8.

Initially, we note that to the extent that Eagle Aircraft argues that the court should have *granted* its Trial Rule 41(B) motion, that issue is examined in Part II, *infra*, which addresses whether the court erred in ruling for Trojnar. The instant issue presented is, regardless of the propriety of the trial court's ruling on the applicability of Ind. Trial Rule 41(B) to small claims court matters,[3] whether Eagle Aircraft was precluded from

---

[3] We observe that this court has previously held that Ind. Trial Rule 41(B) is applicable to small claims court proceedings. In LTL Truck Serv., LLC v. Safeguard, Inc., appellant LTL argued that the small claims court erred in dismissing the action under Ind. Trial Rule 41(B) because "Small Claims Rule 10(A) governs dismissals with prejudice in small claims actions, and LTL did not meet the criteria for dismissal under that rule." 817 N.E.2d 664, 668 (Ind. Ct. App. 2004). We began by noting that the Indiana Supreme Court had previously explained that "Indiana Trial Rule 1 provides that the Trial Rules

presenting its case-in-chief by the court's actions. Ind. Trial Rule 41(B), titled

"Involuntary dismissal: Effect thereof," provides:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff or party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52(A). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.

To the extent that Eagle Aircraft cites <u>Redmond</u> as authority for its position, in

that case, at the outset of trial, defendant Redmond requested that "after the conclusion of

the plaintiff's evidence [] the defendant [be] granted a continuance to present its case by

---

govern 'the procedure and practice in all courts of the state of Indiana in all suits of a civil nature,'" that "Small Claims Rule 1(A) provides that the Small Claims Rules apply 'to all small claims proceedings,'" and that "the Trial Rules govern small claims proceedings to the extent the two sets of rules do not conflict, but where the two conflict, the Small Claims Rules apply." <u>Id.</u> at 669 (quoting <u>Niksich v. Cotton</u>, 810 N.E.2d 1003, 1005 (Ind. 2004), <u>cert. denied</u>, 543 U.S. 1126, 125 S. Ct. 1073 (2005)). The Indiana Supreme Court in <u>Niksich</u> held that a small claims court could dismiss a notice of claim under Ind. Trial Rule 12(B)(6) if it was apparent on its face that the plaintiff is precluded from recovery, noting that Trial Rule 12(B) did not conflict with Small Claims Rule 10, and we held in <u>LTL</u> that the Court's reasoning applied with equal force to Trial Rule 41(B). <u>Id.</u> Specifically, we held that:

> Trial Rule 41(B) and Small Claims Rule 10(A) each address different and specific circumstances. Trial Rule 41(B) addresses a particular dispositive motion a defendant may file after the plaintiff has concluded its presentation of evidence and only in cases tried by the court without a jury. On the other hand, Small Claims Rule 10(A) addresses dismissal of a plaintiff's action when the plaintiff has failed to appear. Contrary to LTL's contention, the two rules do not conflict. Thus, a Trial Rule 41(B) motion for involuntary dismissal is appropriate in small claims actions.

<u>Id.</u> <u>See also</u> <u>Brown v. Guinn</u>, 970 N.E.2d 192, 194-195 (Ind. Ct. App. 2012) (holding that the small claims court did not err when it denied the defendant's motion to dismiss based upon Ind. Trial Rule 41(B)).

reason of the illness of the defendant," and the court took the motion under advisement, noting: "We'll see what the evidence presents. We don't want to deprive the defendant of making his defense. But considering this case has been a long time getting to trial so we want to proceed to produce any witnesses." 165 Ind. App. at 396, 332 N.E.2d at 804. Then, following the plaintiff's presentation of evidence, Redmond moved for dismissal under Ind. Trial Rule 41(B), and the court noted that it needed to review certain evidence including a deposition and ordered the parties to file briefs regarding the motion. Id. at 398-399, 332 N.E.2d at 806. After the parties filed their initial briefs, but prior to the filing of reply briefs, the court entered judgment denying Redmond's Trial Rule 41(B) motion and entered judgment for the plaintiff in the amount of $13,849 plus $1,500 for costs and fees. Id. at 399, 332 N.E.2d at 806.

On appeal, the court addressed Redmond's claim of error by the trial court in not permitting him to present evidence prior to its entry of judgment and noted:

> However, this assertion must be viewed in conjunction with the alleged error in the failure of the trial court to rule on the motion for continuance. In his motion to correct error, Redmond does not contest the court's ruling on the TR. 41(B) motion for dismissal except insofar as the court's ruling on the motion and the omission to rule on the motion for continuance thwarted the presentment of defendant's case.

Id. at 399-400, 332 N.E.2d at 806-807. We noted that although unclear whether the court implicitly granted or denied Redmond's motion for a continuance, it was immaterial "because the ultimate effect of either ruling, when viewed in conjunction with the trial court's entry of judgment for United at the same time that Redmond's TR. 41(B) motion was denied, was a denial of Redmond's right to present his case." Id. at 401, 332 N.E.2d at 807. We observed that generally, a "defendant who moves for involuntary dismissal at

10

the close of the plaintiff's case effectively waives his right to present evidence unless 'he timely requests the right to do so after his motion is overruled,'" id. at 402, 332 N.E.2d at 808 (quoting Smith, 124 Ind. App. at 540, 119 N.E.2d at 901), but that "[h]ere it was virtually impossible for defendant Redmond to 'timely request' his right to present evidence after the overruling of his TR. 41(B) motion since the trial judge simultaneously issued that ruling and entered judgment" for plaintiff. Id. The court reversed and remanded with instructions to permit the defendant to present further evidence. Id.

Thus, the rule in Redmond may be restated as guaranteeing the defendant the right to present evidence after moving for dismissal under Ind. Trial Rule 41(B). Indeed, in Smith, which was relied upon by the Redmond court, the court was concerned with a ruling by the trial court that the defendant was precluded from presenting evidence following the denial of its motion for directed verdict because it did not reserve the right in its motion and held that, in such cases, the defendant "is not precluded from presenting such evidence if he timely requests the right to do so after his motion is overruled." Smith, 124 Ind. App. at 540, 119 N.E.2d at 901. However, neither Redmond nor Smith expressly hold that, as a matter of law, a defendant must wait for the court to rule upon its Trial Rule 41(B) motion before presenting evidence or risk waiver of its motion.

On this point, we find Commc'ns Workers of Am., Locals 5800, 5714 v. Beckman, 540 N.E.2d 117 (Ind. Ct. App. 1989), instructive. In Beckman, the plaintiff Communications Workers Union presented its case-in-chief during the first day of trial, and the case was continued. Four days before the trial was to resume, the defendant Employees filed a Trial Rule 41(B) motion requesting dismissal claiming that the Union

11

failed to establish an essential element of its case. 540 N.E.2d at 119. Prior to resuming the trial, the judge:

> noted that he had received the 41(B) motion for Involuntary Dismissal, but had not sufficiently reviewed it. The trial judge asked the parties how they wished to proceed. The judge suggested he could either (1) continue the trial for two weeks and in the interim, read and review the 41(B) motion and the response to it, and make a ruling before the second day of trial or (2) take the 41(B) motion under advisement, *hear the Employees' case-in-chief and rule on the 41(B) motion after trial*.

Id. (emphasis added). The parties agreed to the latter option, the court heard the defendant Employees' case-in-chief, and the court subsequently granted the Employees' Trial Rule 41(B) dismissal motion. Id. at 120.

In so holding, the court addressed an argument made by the Union that the court erred in denying its request for a continuance which it made soon after the Employees began presenting their case. Id. at 125. The Union argued that "the court's refusal to grant a continuance until ruling on the 41(B) motion denied it the opportunity to reopen its case to offer evidence on the issue of Union membership." Id. The court reasoned that "when the court offered to continue the trial for two weeks to rule on the motion, the Union's counsel agreed to forego the continuance and to proceed with trial," that "[m]oreover, the trial court never denied the Union the opportunity to present evidence on the issue of Union membership," and that it "specifically stated that if the Union wanted to present evidence of the Employees' Union membership the court would admit it." Id.

Thus, in Beckman, not only did the court allow the *defendant* Employees to present its case-in-chief prior to making a ruling on the Trial Rule 41(B) motion, it also

12

specifically invited the plaintiff Union to supply rebuttal evidence of union membership if it so chose. Similarly, here the court took Eagle Aircraft's Trial Rule 41(B) motion under advisement and, in doing so, specifically invited it to present evidence if it so chose. Eagle Aircraft chose to rely upon the documentary evidence it entered during its cross-examination of Trojnar. Again, Redmond does *not* hold, and Eagle Aircraft does not otherwise cite to authority for the proposition, that a movant *waives* its Trial Rule 41(B) motion if it subsequently presents evidence *at the behest of the court* after the court takes the motion under advisement. Under the circumstances, in which the trial court in a small claims matter invited the defendant to present evidence following the defendant's Ind. Trial Rule 41(B) motion, we conclude that the court did not deny Eagle Aircraft the opportunity to present evidence when it took its Trial Rule 41(B) motion under advisement.

## II.

The next issue is whether the court abused its discretion or erred in finding in Trojnar's favor. Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that

13

evidence.  City of Dunkirk Water & Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995).  A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence.  Id.  This deferential standard of review is particularly important in small claims actions, where trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law."  Ind. Small Claims Rule 8(A); City of Dunkirk, 657 N.E.2d at 116.  We presume that the trial court correctly applied the law and give due regard to the trial court's opportunity to judge the credibility of the witnesses.  Bonecutter v. Discover Bank, 953 N.E.2d 1165, 1171 (Ind. Ct. App. 2011), reh'g denied, trans. denied.  However, "this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction."  Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006).  "Similarly, where a small claims case turns *solely* on documentary evidence, we review de novo, just as we review summary judgment rulings and other 'paper records.'"  Id. (emphasis added).

Also, Eagle Aircraft is appealing from the trial court's denial of its motion to correct errors.  Rulings on motions to correct error are usually reviewable under an abuse of discretion standard, but we review a case *de novo* when the issue on appeal is purely a question of law.  Ind. Bureau of Motor Vehicles v. Charles, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009).  The interpretation of a contract is a pure question of law.  Dunn v. Meridian Mut. Ins. Co., 836 N.E.2d 249, 251 (Ind. 2005).  When a contract is clear and

14

unambiguous, the language must be given its plain meaning.  Delgado v. Boyles, 922 N.E.2d 1267, 1270 (Ind. Ct. App. 2010), trans. denied.

Eagle Aircraft argues that Defendant's Exhibit A addresses prepaid flight accounts such as Trojnar's and states that such accounts "are Non-Refundable except pursuant to the guidelines as specifically outlined therein."  Appellant's Brief at 9.  Eagle Aircraft asserts that the court "could only enforce the terms of a contract and was not permitted to modify said contract," that "[i]n absence of ambiguity it is not within [the] function of [the] judiciary to look outside the instrument to arrive at parties' intent," and that "[t]herefore, the Trial Court erred in failing to grant [its] Trial Rule 41(B) Motion and entering judgment in favor of [Trojnar] due to the fact a Contract exists and the terms of the contract are unambiguous."  Id. at 9-10.

In the court's initial decision and judgment, it noted that to the extent Defendant's Exhibit A applied to Trojnar, it allowed for refunds under "special" or "extenuating" circumstances,[4] inferring that it believed such circumstances were present.  The court further explained its position in its order on Eagle Aircraft's motion to correct errors that it found Trojnar's testimony regarding the circumstances which led him to close out his account, including that on several occasions he would make arrangements to rent an airplane but that on the night before he would learn that the plane was not available, to meet the standard of such extenuating circumstances.[5]

---

[4] Defendant's Exhibit A uses both terms.  Defendant's Exhibit A.

[5] To the extent that Eagle Aircraft argues that the court erred in not granting its Ind. Trial Rule 41(B) motion, we observe that in analyzing this issue on appeal, we examine only the evidence presented by the plaintiff in its case-in-chief, which is the only evidence available in the instant appeal.  See Williams v. State, 892 N.E.2d 666, 670 (Ind. Ct. App. 2008), trans. denied.

To the extent that Eagle Aircraft invites this court to interpret the contract under a *de novo* review standard, examine the documentary evidence without resorting to testimony, and apply the contract's plain meaning, we note that in such a vacuum we would be inclined to agree with the small claims court's initial determination that Defendant's Exhibit A does not provide that Eagle Aircraft should be allowed to retain the balance of Trojnar's account. As noted above, Defendant's Exhibit A provides as follows:

**Course Refund Policy**

Prepaid flight accounts are NON REFUNDABLE, according to the guidelines below:

    a.    According to IN Law, courses are fully refundable within 72 hrs of prepayment, less any hours used or pilot supplies purchased.

    b.    If over 72 hrs, then no refund applies, except under extenuating circumstances.

If refund is allowed under special circumstances:

1. Course withdraws must be made in writing to Eagle Aircraft. If a student is eligible for a refund, the request will be processed within 30 days of receiving written notice.
2. Refunds will be issued directly to individual students when courses are prepaid with cash or check.
3. If an educational loan is utilized, the loan provider will receive the refunds directly. Loan recipients will be responsible for fulfilling the balance of their loan obligation to their loan company.
4. A 5% processing fee will be assessed on the original amount paid[,] before any refund will be processed. If applicable, any enrollment promotions received by the student for prepayment of course, will be billed to the flight account before any refund is processed.

- The processing or cancellation fee is based on the initial course cost. Aircraft and Instructor hours, training tools, and pilot supplies will be deducted from the student's balance when purchased & are non-refundable.

16

**Course Guidelines**

    a.    Students who are inactive for 12 months shall be considered dropped from the training program and shall forfeit the balance of their account. Students must keep in contact with the school if they will be inactive for an extended period of time but plan to return to their training.

    b.    Course Completion Timetables: Students are expected to complete the courses in the following timeframes. Should the course not be completed in this timeframe, the hourly fees will be adjusted to that of the then current fees.

| | | |
|---|---|---|
| a. | Private: | 9 Months |
| b. | Instrument: | 9 Months |
| c. | Commercial: | 12 Months |
| d. | CFI | 2 Months |
| e. | Multi | 2 Months |

Exceptions to this policy can **ONLY** be made for extenuating circumstances, which will be reviewed and decided upon by Management.

**By signing this Refund Policy, I acknowledge that I have reviewed the information presented in the policy that I have read it, and I understand and agree to the terms and conditions of said policy.**

Thus, in the absence of testimony clarifying that this document does indeed apply to Trojnar, it would appear that Defendant's Exhibit A applies to students enrolled in courses provided by Eagle Aircraft, and that Eagle Aircraft and Trojnar agreed to a refund policy for *courses*, rather than for aircraft rentals. We also note that the clause in the document that "[e]xceptions to this policy can **ONLY** be made for extenuating circumstances, which will be reviewed and decided upon by Management," is under the "**Course Guidelines**" heading and appears to relate to the approval of exceptions to the rules regarding the course schedule. The "extenuating circumstances" regarding refunds in the "**Course Refund Policy**" does not contain similar qualifying language.

It was only through the presentation of evidence at the small claims trial and motion to correct errors hearing that established Defendant's Exhibit A governed the relationship between the parties. Recognizing that the trial court was in the best position to weigh the evidence and that small claims actions are informal and have the goal of dispensing speedy justice, we cannot say that the court's ruling that Trojnar demonstrated extenuating circumstances was clearly erroneous, and we conclude that the court did not err in ruling in Trojnar's favor.

## III.

The final issue is whether Trojnar was unjustly enriched by the court's order. Eagle Aircraft argues, without citation to authority, that Defendant's Exhibit D demonstrates that Trojnar has received $1,500 in credits which were applied to his account from making prepayments toward flight time and "[t]he Trial Court cannot refuse to enforce the Refund Policy and Pricing Guidelines Contract without removing the credit of $1,500.00 from [Trojnar's] account for funds NEVER tendered to [Eagle Aircraft]." Appellant's Brief at 10. Eagle Aircraft argues that "[u]njust enrichment would result due to the fact that [Trojnar] would receive a measurable benefit that would be unjust to retain based upon the Trial Court's determination that no Contract existed between the parties." Id. at 11.

As noted above, however, the court in its order on Eagle Aircraft's motion to correct errors ruled that the contract *did* apply and govern the relationship between the parties, but that Trojnar "met the terms of the contract allowing for exceptional circumstances and that he should have [been] given a refund of his money in account

18

with Eagle Aircraft." Appellant's Appendix at 18. Eagle Aircraft made similar arguments to the trial court at the motion to correct errors hearing, specifically arguing that because the court threw out the contract at the trial, "the benefit of the contract should also be thrown out," and the court responded that it did not throw the contract out but merely found that "under the contract he was entitled to get any money he had as credits refunded back to him." June 29, 2012 Hearing Transcript at 5-6. Indeed, based upon the contract, the court ordered that Eagle Aircraft retain $100 from Trojnar's account.

This court has previously explained that unjust enrichment is an equitable doctrine which permits "recovery 'where the circumstances are such that under the law of natural and immutable justice there should be recovery as though there has been a promise,'" and that a contract precludes application of unjust enrichment "because (1) a contract provides a remedy at law and (2)—as a remnant of chancery procedure—a plaintiff may not pursue an equitable remedy when there is a remedy at law." King v. Terry, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004) (quoting Bayh v. Sonnenburg, 573 N.E.2d 398, 408 (Ind. 1991), reh'g denied, cert. denied, 502 U.S. 1094, 112 S. Ct. 1170 (1992)). Here, a contract controlled the relationship between Trojnar and Eagle Aircraft, and, on this basis alone, the equitable doctrine of unjust enrichment does not apply, as Eagle Aircraft's remedy would be at law, not in equity. See Engelbrecht v. Prop. Developers, Inc., 156 Ind. App. 354, 357-358, 296 N.E.2d 798, 801 (1973) (holding that "[a]n implied contract cannot exist where an express contract covers the identical subject" and "[w]here there is a contract controlling the rights of the parties there can be no recovery on the theory of

19

quantum meruit"). We therefore conclude that Eagle Aircraft is not entitled to reversal based upon a theory of unjust enrichment.

Finally, even were we to hold that the contract did not apply, we do not believe that Eagle Aircraft would be entitled to have the judgment against it reduced by $1,500.00 on unjust enrichment grounds. As Trojnar testified to at the motion to correct errors hearing, the credits were earned if a user prepaid at least $1,200 and equated to paying less per hour per plane, and that Trojnar has used the credited amounts over the course of five years. Indeed, as the ledger introduced as Defendant's Exhibit D demonstrates, most of the total amount in the account for which Trojnar filed his notice of claim to recoup is from a payment he made on April 28, 2011 of $1,250, less than two months prior to the filing of the claim on June 11, 2011.

For the foregoing reasons, we affirm the small claims court's decision and judgment as amended by its order on Eagle Aircraft's motion to correct errors.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.