# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**RICK D. MEILS**
**WILLIAM M. BERISH**
**JOHN W. MERVILDE**
Meils Thompson Dietz & Berish
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**JUSTIN STIMSON**
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PEERLESS INDEMNITY INSURANCE CO. | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-PL-244 |
| | ) | |
| MOSHE & STIMSON LLP, | ) | |
| SARAH MOSHE, and | ) | |
| JUSTIN STIMSON, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers, Judge
Cause No. 49D04-1203-PL-010282

**December 30, 2014**

**OPINION – FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

Sarah Moshe, Justin Stimson's sister and former law partner, sued her brother in Marion Superior Court alleging, among other things, defamation. Justin made a claim under Moshe & Stimson LLP's insurance policy for defense and indemnification. Peerless Indemnity Insurance Company, the firm's insurer, filed a summary-judgment motion arguing that it had no duty to defend and indemnify Justin due to a clause in the policy that excluded coverage for certain employment-related practices, including defamation. The trial court initially ruled in Peerless's favor, but it later reversed course and ordered Peerless to defend and indemnify Justin.

On appeal, Peerless argues that the employment-related exclusionary clause is unambiguous and bars coverage. We agree. Because Justin's alleged actions toward his sister were employment-related, the exclusionary clause applies. We reverse the trial court and remand with instructions to enter summary judgment in Peerless's favor on the issue of coverage.

## Facts and Procedural History

Sarah and Justin are siblings and former law partners in the law firm Moshe & Stimson LLP. In December 2011, after Sarah told Justin that she intended to leave the firm, the siblings' working relationship deteriorated: Justin allegedly refused to dissolve the partnership, seized control of the firm's assets and refused to pay Sarah her regular income, refused to turn over client files and certain personal property belonging to Sarah, and began making "accusations about [Sarah's] personal integrity and her professional competence." Appellant's App. p. 168. One month later, Sarah filed suit against Justin

2

in Marion Superior Court alleging defamation and seeking a formal dissolution of the partnership, an accounting, an injunction, and damages. *Id.* at 167-69.

Peerless insured Moshe & Stimson LLP. After Sarah filed suit, Justin made a claim under the firm's policy for defense and indemnification. Peerless denied the claim and sought a declaratory judgment that it had no responsibility to defend or indemnify Justin. *Id.* at 15. In its motion, Peerless argued that "the allegations in [Sarah's] complaint constitute "*employment-related practices*, which are excluded from coverage by the [policy's] terms, conditions and exclusions . . . ."[1] *Id.* at 20. Peerless relied on the following exclusionary clause:

This insurance does not apply to:

1.    "Bodily injury" or "personal and advertising injury" to

    a. A person arising out of any:
        (1)    Refusal to employ that person;
        (2)    Termination of that person's employment; or
        (3)    *Employment-related practices*, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, *defamation*, harassment, humiliation or discrimination directed at that person . . . .

*        *        *        *        *

2.    This exclusion applies:

    a. Whether the insured may be liable as an employer or in any other capacity; and
    b.  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*Id.* at 140 (emphasis added).

---

[1] Peerless also asserted it was entitled to declaratory judgment under other theories not relevant here.

In response, Justin filed a motion to dismiss for failure to state a claim, arguing that Peerless was not entitled to declaratory judgment because he "ha[d] not yet sued [Peerless] and I may never do so. At present no controversy exists." *Id.* at 24. The trial court denied Justin's motion to dismiss, and the parties conducted discovery.

A short time later, Peerless filed a summary-judgment motion, renewing its claim that it had no responsibility to defend or indemnify Justin due to the employment-related exclusionary clause. Justin responded and filed a cross-motion for summary judgment. He argued that the exclusion did not apply because Sarah "had been a *partner* at Moshe & Stimson LLP, not an *employee*. Nowhere in her complaint did [Sarah] allege that she was ever employed by [Justin or the firm] and nowhere in her complaint did [Sarah] suggest that the defamation she alleged was employment-related." *Id.* at 197 (citation omitted).

Both parties elaborated at a hearing. Counsel for Peerless explained that:

> [I]t's important . . . to note what the exclusion states, and what it does not because I think that's the big issue that was raised within at least the response and counter motion for summary judgment by [Justin]. *Nowhere within this exclusion does it state that [Sarah] need be an employee of anybody. The designation of the person seeking those damages is irrelevant, and not defined in this exclusion. What is relevant is whether or not the [alleged] acts of the person being sued, in this case brother, were related to the employment relationship.* It's that simple. Both have agreed that every allegation in this complaint was related to that employment relationship; every single one. There is no evidence to the contrary. We believe that the facts are very clear. [B]usiness owners' policies are designed to protect liabilities by third – up to third parties. They're not designed to deal with squabbles between two partners, brother and sister or otherwise . . . .

Tr. p. 7-8 (emphasis added). Justin responded by arguing that his sister, "at the time the lawsuit was filed, was not associated with the firm either as a partner, or as an employee.

4

So . . . the question really is, were my alleged defamatory comments employment-related?" *Id.* at 11. He continued: "I think for Peerless to prevail, they've got to show some employment, and some relationship of those comments to an employment." *Id.* at 12.

After taking the matter under advisement, the trial court granted Peerless's summary-judgment motion. In its order, the court framed the issue as "how the policy applies to insurance coverage for the *Moshe v. Stimson* lawsuit concerning their business relationship to one another." Appellant's App. p. 12. The court continued:

> In the defamation suit that precipitated this declaratory action, [Sarah] brought allegations against [Justin] for the following: "[Justin] refused to dissolve the partnership; [] seized control of partnership funds, refused to pay [Sarah] her regular salary/draw . . . [Justin] has possession of client files for the partnership, made defamatory comments about [Sarah], and refused to return personal property to [Sarah]." These allegations are based on comments that [Justin] had made in [Sarah's] retirement letter about her personal integrity and professional competence.

*Id.* at 12-13.

Justin filed a motion to correct errors. In his motion, he argued simply that the exclusionary clause did not apply because the clause was "for employment-related practices. [Sarah's] lawsuit is not employment-related." *Id.* at 216. Justin further argued that he and Peerless disagreed "on the meaning of the phrase employment-related," and that "any ambiguity on this point must be resolved in [his] favor . . . ." *Id.* One month later, the trial court reversed course, granting Justin's motion and ordering Peerless to defend and indemnify Justin in his suit against his sister. In doing so, the court reasoned:

> Since the suit between [Sarah] and [Justin] involves partners of the law firm, the exclusion does not apply. [Justin] argues that because [Sarah] was no longer a partner of the firm, she did not qualify as a partner under the

5

policy for purposes of determining coverage. He attempts to distinguish his relationship with [Sarah] so as not to fall within the exclusionary clause that relates to employer-employee conduct because one partner is not the employee of the other. [Justin] is correct.

*Id.* at 6-7.

Peerless now appeals.

**Discussion and Decision**

On appeal, Peerless argues that the employment-related exclusionary clause is unambiguous and bars coverage. In raising this issue, Peerless is appealing the trial court's grant of Justin's motion to correct errors. Rulings on motions to correct error are usually reviewable under an abuse-of-discretion standard, but our review is de novo when the issue on appeal is purely a question of law. *Eagle Aircraft, Inc. v. Trojnar*, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013) (citation omitted). The interpretation of a contract is a pure question of law. *Id.* (citing *Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 251 (Ind. 2005)).

Generally speaking, insurance policies are governed by the same rules of construction as other contracts. *Wert v. Meridian Sec. Ins. Co.*, 997 N.E.2d 1167, 1170 (Ind. Ct. App. 2013) (citation omitted), *reh'g denied*, *trans. denied.* Yet because of the disparity in bargaining power between insurance companies and insureds, courts have developed distinct rules for those contracts. *Id.* (citing *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1283 (Ind. 2006)). When interpreting an insurance contract, if the contract is clear and unambiguous, the language must be given its plain and ordinary meaning. *Id.* (citation omitted). The mere fact that a controversy exists and the insured

6

asserts an interpretation contrary to that asserted by the insurer is insufficient to establish an ambiguity. *Id.* (citation omitted).

This case involves a third-party liability insurance policy. The relevant portion of the policy, the exclusionary clause, reads:

This insurance does not apply to:

1.      "Bodily injury" or "personal and advertising injury" to

    a. A person arising out of any:
        (1)     Refusal to employ that person;
        (2)     Termination of that person's employment; or
        (3)     *Employment-related practices*, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, *defamation*, harassment, humiliation or discrimination directed at that person . . . .

                  *     *     *     *     *

2.      This exclusion applies:

    a. Whether the insured may be liable as an employer or in any other capacity; and
    b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Appellant's App. p. 140 (emphasis added).

Justin devotes much of his appellate brief to the issue of whether his sister was an employee of Moshe & Stimson LLP as opposed to a partner in the firm. The trial court also engaged in this analysis in granting Justin's motion to correct errors. This is a red herring, however, because we need not determine in what capacity Sarah was employed by the firm. Instead, the issue is whether Justin's alleged actions, particularly his alleged defamation of his sister, were "employment-related," a phrase the policy does not define. Throughout this case, Justin has repeatedly claimed that the parties disagree on the

7

meaning of this phrase and that this creates an ambiguity that must be resolved in his favor. But the phrase "employment-related" is not ambiguous simply because a controversy exists and Justin's interpretation differs from Peerless's. *See Wert*, 997 N.E.2d at 1170.

Black's Law Dictionary defines "employment" in many ways, including "the quality, state, or condition of being employed; the condition of having a paying job." *Black's Law Dictionary* 641 (10th ed. 2014). "Related," in turn, means "connected in some way; having relationship to or with something else . . . ." *Id.* at 1479. Applying these plain and ordinary definitions, we conclude—as the trial court initially did—that Sarah's claims against her brother relate to her job: after Sarah told Justin she would be leaving the firm, he allegedly refused to dissolve the partnership, seized control of the firm's assets and refused to pay Sarah her regular income, refused to turn over client files and certain personal property belonging to Sarah, and began making "accusations about [Sarah's] personal integrity and her professional competence." Appellant's App. p. 168. These acts are connected to Sarah's employment at Moshe & Stimson LLP; as a result, they are not covered under the policy by way of the exclusionary clause.[2]

The policy at issue was designed to protect the siblings in suits brought by third parties—it was not meant to protect one against the other in a suit between the two.

---

[2] Justin claims that in order to be considered employment-related, defamation must:

meet two standards . . . . First, the author of the defamation must be the plaintiff's superior. Defamation by a peer does not constitute "employment-related" defamation. Second, the subject of the defamation must be the plaintiff's performance during the employment to which it is allegedly related. A mere insult by a former supervisor does not constitute "employment-related" defamation.

Appellant's Br. p. 9. Justin provides no citation or authority for these claims, and we decline to adopt his reasoning.

Because we conclude that the policy unambiguously excludes coverage in this case, we reverse the trial court and remand with instructions to enter summary judgment in Peerless's favor on the issue of coverage.

Reversed and remanded.

FRIEDLANDER, J., and MAY, J., concur.