## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 01 2018, 7:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John Newsome
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Newsome,

*Appellant-Plaintiff,*

v.

Robert E. Carter, Jr., Indiana Department of Correction, Officer Stephenson, and Indiana State Prison,

*Appellees-Defendants.*

August 1, 2018

Court of Appeals Case No. 18A-SC-275

Appeal from the LaPorte Superior Court

The Honorable Nancy L. Gettinger, Magistrate

Trial Court Cause No. 46D04-1709-SC-1788

**Barnes, Senior Judge.**

# Case Summary

[1] John Newsome appeals the small claims court's judgment in favor of the Indiana Department of Correction, Robert E. Carter, Jr., Commissioner of the Indiana Department of Correction, the Indiana State Prison, and Correctional Officer Stephenson (collectively, the "DOC"). We affirm.

# Issue

[2] Newsome raises two issues, which we consolidate and restate as whether the small claims court properly entered judgment in favor of the DOC on Newsome's replevin claim.

# Facts

[3] Newsome is incarcerated at the Indiana State Prison, serving a sixty-six-year sentence. *See Newsome v. State*, 797 N.E.2d 293 (Ind. Ct. App. 2003), *trans. denied*. At some point, Newsome was allowed to purchase a guitar and accessories and have them in his cell. However, on April 1, 2016, the DOC enacted Policy No. 02-01-101, Offender Personal Property, which provided, in part:

> Musical instruments will no longer be approved to be kept within individual cells. If you wish to donate your instrument to Recreation for use within Recreations Musical Program or within the Chapel for use in the Choir, those may be possibilities, if space is available. Otherwise, all musical instruments will be removed from ISP.

Appellant's App. Vol. II p. 51. On May 1, 2017, DOC confiscated Newsome's guitar and accessories pursuant to the policy. Newsome had the option of donating the guitar and accessories or shipping them to another location.

[4] Newsome filed an informal grievance, which the DOC denied. Newsome then filed a formal grievance, which the DOC also denied. The DOC informed Newsome that personal property issues were no longer processed through the grievance process and directed him to file a tort claim. Newsome then filed a notice of tort claim, which the DOC denied.

[5] In September 2017, Newsome filed a small claims complaint regarding the seizure of the guitar and accessories seeking the "reimbursement of monies spent or the return of property." *Id.* at 8. Newsome also filed a motion for summary judgment. The small claims court "set the matter for Trial by Affidavit," and the parties submitted affidavits. *Id.* at 60. The small claims court entered findings of fact and conclusions thereon denying Newsome's claim. Newsome now appeals.

## Analysis

[6] Newsome argues that the small claims court erred by entering judgment for the DOC. Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Where a small claims case turns solely on documentary evidence, as it does here, we review de novo, just as we review summary judgment rulings and other paper records. *Eagle Aircraft, Inc. v. Trojnar*, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013).

[7]     Newsome's complaint is a replevin action, which is governed by Indiana Code Section 32-35-2-1.  That statute provides:

> If any personal goods, including tangible personal property constituting or representing choses in action, are:
>
> (1) wrongfully taken or unlawfully detained from the owner or person claiming possession of the property; or
>
> (2) taken on execution or attachment and claimed by any person other than the defendant;
>
> the owner or claimant may bring an action for the possession of the property.

[8]     The Indiana General Assembly has given the DOC authority to determine items that persons incarcerated may possess while confined.  Indiana Code Section 11-11-2-2 provides:

> The department shall determine what type of property other than contraband a confined person may not possess and shall inform him of that classification.  In carrying out this section, the department may inform a confined person of the type or items of property he is permitted to possess, in which event all other property not contraband is prohibited property.  Property that a confined person is otherwise permitted to possess may become prohibited property due to the means by which it is possessed or used.

Contraband is "property the possession of which is in violation of an Indiana or federal statute."  Ind. Code § 11-11-2-1.  Prohibited property is "property other

than contraband that the department does not permit a confined person to possess." *Id.*

[9] The DOC created a policy that made musical instruments prohibited property, and there is no argument that the policy is improper. Under the policy, Newsome was no longer allowed to possess the guitar in his cell. As the small claims court noted, "Plaintiff has lost the use of his guitar in his cell while incarcerated, but he still owns the property that was confiscated. He has been given the opportunity to send the guitar and the other items that were removed from him to a location outside of the facility or to donate the items." Appellant's App. Vol. II p. 61. Given the DOC's statutory authority and policy regarding musical instruments, Newsome failed to prove that the guitar and accessories were wrongfully taken or unlawfully detained.

## Conclusion

[10] The small claims court properly entered judgment against Newsome and for the DOC on Newsome's claim. We affirm.

[11] Affirmed.

Vaidik, C.J., and Pyle, J., concur.