## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 20 2019, 7:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Joshua Lee<br>Depauw, Indiana | Jason A. Lopp<br>Whitney E. Wood<br>McNeely Stephenson<br>New Albany, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Lee,<br>*Appellant,*<br><br>v.<br><br>Countryside Auto Sales, LLC,<br>*Appellee* | August 20, 2019<br><br>Court of Appeals Case No.<br>19A-SC-526<br><br>Appeal from the Harrison Superior Court<br><br>The Honorable Joseph L. Claypool, Judge<br><br>Trial Court Cause No.<br>31D01-1812-SC-269 |

**Baker, Judge.**

Joshua Lee appeals the trial court's order ruling in favor of Countryside Auto Sales, LLC (Countryside), on Lee's complaint. Finding no error, we affirm.

# Facts

On January 29, 2018, Lee purchased a used 1999 GMC Sierra 1500 (the truck) from Countryside for $5,626.01.[1] Lee made a down payment of $1,500 and executed a contract (the Contract) and security agreement for the remaining balance. The Contract stated as follows, in relevant part:

> **Vehicle Inspection**. You are purchasing the Vehicle based upon your personal inspection, and are not relying upon any opinion, statement, promise or representation of the salesperson, or any other of our employees that is not contained in the written agreements you are signing today.

> **Vehicle Condition**. You understand that the Vehicle may have sustained prior body damage and may have undergone prior mechanical repairs during or after its manufacture, during or after transit to us or while in the possession of prior owners or operators.

> *Warranty Information*

> **Warranty. We make no express or implied warranties. Except as required by law, we make no implied warranty of merchantability and no warranty that the Vehicle is fit for a particular purpose. We sell the Vehicle AS IS—NOT**

---

[1] Nothing in the record suggests that Lee is anything other than a competent adult.

**EXPRESSLY WARRANTED OR GUARANTEED. WITH
ALL FAULTS.**

Appellant's App. Vol. II p. 44-45 (emphases original).

[3] Lee alleges that soon after he purchased the truck, the truck bed began leaning toward the cab because of substantial rust underneath the truck. He claims that the truck is now unsafe to drive. Countryside states that its salesman informed Lee that there was rust underneath the truck, though Countryside maintains that it was unaware of rust to the extent that Lee claims exists. Lee also claims that the salesman told him that the truck would be good to "haul things" and that the truck came with a warranty. Tr. Vol. II p. 8-10.

[4] On December 17, 2018, Lee filed a small claims action against Countryside, asking for damages to repair the vehicle.[2] Lee subsequently amended the complaint and asked the trial court to rescind the contract. Following a bench trial, the trial court entered judgment in favor of Countryside. Lee now appeals.

## Discussion and Decision

[5] In reviewing a small claims judgment, we will not set it aside unless it is clearly erroneous. *Eagle Aircraft, Inc. v. Trojnar*, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013). We may neither reweigh the evidence nor re-assess witness credibility

---

[2] Neither the original nor the amended complaint appears to be included in the record on appeal.

and must instead consider only the evidence and reasonable inferences that may be drawn therefrom that support the judgment. *Id.* If a reasonable factfinder could conclude that the party bearing the burden of proof—here, Lee—failed to carry that burden by establishing their claims by a preponderance of the evidence, we will affirm. *Id.* This deferential standard of review is especially important in small claims actions, where the trials are "'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *Id.* (quoting Ind. Small Claims Rule 8(A)).

[6] Initially, we note that small claims courts do not have the authority to grant the equitable remedy of rescission. *Nielson Buick Jeep Eagle Subaru v. Hall*, 726 N.E.2d 358, 360-61 (Ind. Ct. App. 2000). Therefore, the trial court did not err by denying this relief.

[7] Next, we address the crux of Lee's complaint—that he did not knowingly agree to buy the truck "as is." As a general rule, the law allows competent adults the utmost liberty in entering into contracts which, when entered into freely and voluntarily, will be enforced by the courts. *Trimble v. Ameritech Publishing, Inc.*, 700 N.E.2d 1128, 1129 (Ind. 1998). It is well settled that a used car dealer "may disclaim implied warranties through the use of conspicuous language containing expressions like 'as is' or 'with all faults' or other language which in common understanding call the buyer's attention to the exclusion of warranties and makes plain there is no implied warranty." *Town and Country Ford, Inc. v. Busch*, 709 N.E.2d 1030, 1033 (Ind. Ct. App. 1999).

[8] Here, Lee signed a contract containing written disclaimers of warranty. The disclaimers were in bold and partially capitalized and expressly disclaimed warranties of both merchantability and fitness for a particular purpose. Furthermore, the contract also explicitly stated that Lee was not "relying upon any opinion, statement, promise or representation of the salesperson" not contained in the contract. Appellant's App. Vol. II p. 44. Therefore, Lee has no right to direct our attention to any statements allegedly made by the Countryside salesperson. *See Circle Centre Dev. Co. v. Y/G Ind., L.P.*, 762 N.E.2d 176, 181 (Ind. Ct. App. 2002) (holding that a party "cannot affirmatively state in writing that it has 'independently investigated' the matters at issue and that it 'has not relied upon any inducements or representations' by [the other party] or its agents and then, after the fact, repudiate those provisions"). Therefore, to succeed on any fraud-related claim, Lee would have to show fraud in the express terms of the contract, which he cannot do. *LTD Keller Farms, LLC v. Brigitte Holmes Livestock Co.*, 722 F. Supp. 2d 1015, 1029 (N.D. Ind. 2010) (interpreting and applying Indiana law).

[9] The simple fact is that Lee signed a contract. The contract is valid. As a competent adult, he is assumed to have read and understood the terms of the contract before signing it. He is now bound by those terms. Consequently, the trial court did not err by finding that Countryside disclaimed all warranties.

[10] Lee also makes an argument under the Indiana Deceptive Consumer Sales Act. Ind. Code ch. 24-5-0.5. The statute requires that a plaintiff making such a claim must give timely notice "that shall state fully the nature of the alleged deceptive

act and the actual damages suffered therefrom" within six months of the discovery of the deceptive act. Ind. Code § 24-5-0.5-5(a). Here, Lee failed to provide such notice in a timely fashion. Moreover, the trial court could have reasonably concluded that the language of the Contract discussed above would have denied Lee the right to recover under the Indiana Deceptive Consumer Sales Act.[3]

[11] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.

---

[3] On appeal, Lee also mentions the "Used Car Rule" based in 16 C.F.R. 455. He did not make this claim at the trial court level and has consequently waived the right to do so on appeal. While we allow a great deal of latitude to small claims plaintiffs, *see* Ind. Small Claims Rules 2 and 8, this is a very specific claim that needed to be pleaded explicitly so that Countryside could prepare a defense to it. Therefore, we find it waived.