

FILED

Mar 28 2018, 5:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ben Yisrayl
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ben Yisrayl, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Sgt. Reed, <br> *Appellee-Defendant.* | March 28, 2018 <br><br> Court of Appeals Case No. <br> 46A03-1706-SC-1524 <br><br> Appeal from the LaPorte Superior Court <br><br> The Honorable Greta Stirling Friedman, Judge <br><br> Trial Court Cause No. <br> 46D04-1701-SC-225 |

**Barnes, Judge.**

## Case Summary

[1] After a trial by affidavit, Chijioke Bomani Ben Yisrayl appeals the trial court's denial and dismissal of his claim in replevin. We affirm.

## Issue

The sole issue before us is whether the trial court erred in denying and dismissing Yisrayl's claim.

## Facts

Yisrayl is an offender incarcerated in Michigan City. In June 2016, Yisrayl began "a 90 day probationary period as a PLUS Aide[, a job classification within] the Indiana State Prison."[1] App. Vol. II p. 31. On July 14, 2016, he purchased an Xbox 360 gaming console, two controllers, and twenty-five video games ("Xbox and accessories"). On September 7, 2016, Yisrayl's "position as a PLUS aide was terminated[.]" *Id*. at 36. He appealed the decision, but was unsuccessful. On November 16, 2016, the prison superintendent

> [mandated] that only ICH offenders and offenders serving as PLUS Aide[s] are authorized an Xbox. All other offenders are not authorized to have an Xbox or Xbox games.

*Id*. at 32. That same day, the facility's offender special purchases department instructed Indiana Department of Correction ("DOC") correctional officer Sgt. Reed to confiscate Yisrayl's Xbox and accessories. Sgt. Reed did so, gave Yisrayl a confiscation slip that stated that he was "Not Allow[ed] to have" the

---

[1] The Indiana State Prison's PLUS (Purposeful Living Units Serve) program is "a faith- and character-based re-entry initiative" that "focuses on strengthening spiritual, moral, and character development as well as life-skills." *See* https://www.in.gov/idoc/2356.htm (last visited March 13, 2018).

items, notified Yisrayl that he could challenge the seizure through the "Offender Grievance Process[,]" and "turned in[ ]" the items. *Id*. at 27, 32. Yisrayl was authorized to "designate someone to pick up his confiscated property[,]" but had not done so as of April 4, 2017. *Id*. at 32.

[4] On January 30, 2017, Yisrayl filed a small claims complaint and a contemporaneous motion for summary judgment against Sgt. Reed "for confiscating [his] personal property . . . for no reason at all" in violation of Indiana Code Section 11-11-2-3 and his property rights. *Id*. at 17. Yisrayl sought the items' return and a declaration that he was entitled to them.

[5] On March 10, 2017, the trial court set the matter for a trial by affidavit to commence on March 24, 2017, pursuant to a court-designated timetable for each party's submission of affidavits and exhibits and for Yisrayl's rebuttal evidence. Subsequently, Sgt. Reed filed his exhibits and affidavit, wherein he averred to the foregoing facts; he also submitted the affidavit of DOC tort claims investigator Pam James, who averred, in part, as follows:

> 7. Offender Yisrayl underwent a 90 day probationary period as a PLUS Aide within the Indiana State Prison, beginning in June 2016. Exhibit B.

> 8. During his time as a PLUS Aide, Offender Yisrayl was authorized to have an Xbox and Xbox games.

> 9. In September 2016, Offender Yisrayl was terminated as a PLUS Aide and changed jobs within the facility. . . .

10.     Offender Yisrayl appealed the termination of his position as a PLUS Aide, which was denied. . . .

11.     On November 16, 2016, the Indiana State Prison Superintendent issued a directive for the facility, which mandated that only ICH offenders and offenders serving as PLUS Aide are authorized an Xbox. All other offenders are not authorized to have an Xbox or Xbox games.[2]

12.     Offender Yisrayl's Xbox, Xbox games, and Xbox controllers were confiscated as he no longer met facility criteria to possess these items.

13.     Offender Yisrayl was issued a confiscation slip and the property was turned into the offender special purchases department, where it remains as of today's date [April 4, 2017].

14.     Offender Yisrayl has the opportunity to designate someone to pick up his confiscated property from the facility through filling out a disposition form; he has not done so as of today's date [April 4, 2017].

*Id.* at 31-32.  On June 21, 2017, the trial court denied Yisrayl's claim in replevin and dismissed his complaint, concluding that Yisrayl

> was allowed to own the Xbox, Xbox games, and Xbox controllers while he was on a 90 day probationary period as a PLUS Aide . . . .  However, Xbox, Xbox games and Xbox

---

[2] We believe that "ICH offender" refers to a participant in the DOC's "Information Clearinghouse" program; however, it is unclear from the record.

controllers bec[a]me prohibited after Yisrayl ended his probationary period due to reclassification of his duties.

*Id*. at 53-54. Yisrayl now appeals.

# Analysis

Yisrayl argues that the trial court erred in denying and dismissing his claim. Where an appellant challenges the entry of judgment after a small claims bench trial, we generally will not set aside the judgment unless it is clearly erroneous. Ind. Small Claims Rule 11(A) (providing for "review as prescribed by relevant Indiana rules and statutes"); Ind. Trial Rule 52(A) (providing that on appeal, a judgment shall not be set aside where "tried by the court without a jury . . . unless clearly erroneous"). However, where the judgment "turns *solely* on documentary evidence," we review the judgment "de novo," as we do with summary judgment and other cases involving paper records. *Eagle Aircraft, Inc. v. Trojnar,* 983 N.E.2d 648, 657 (Ind. Ct. App. 2013) (emphasis in original) (quoting *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1068 (Ind. 2006)) (internal quotes omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We consider only those materials designated to the trial court. *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 424 (Ind. 2015).

Although those convicted of crimes or incarcerated in penal institutions awaiting trial do not forfeit all personal and property rights, their property interests may be specially defined and

circumscribed by statute, regulation, or both. Court decisions have recognized an inherent right of prison administrators to manage prison facilities according to their discretion and professional expertise, such as by the imposition of reasonable restrictions on the type and amount of personal property inmates may possess and the conditions under which it may be used, and courts have been reluctant to intrude themselves on the day-to-day operations of penal facilities. Furthermore, states in maintaining prisons have a strong interest in preserving security, order, and discipline therein. Nevertheless it is generally held that when inmates are afforded the opportunity, whether by "right" or by "privilege," to possess personal property within prison confines, they enjoy a protected interest in it which cannot be infringed without due process of law. Thus, inmates' rights must be balanced against or accommodated to the interests of the state.

66 A.L.R.4th 800 (Originally published in 1988) (internal footnote omitted).

[8]     Our legislature has conferred upon the DOC authority to determine what property an offender may possess. I.C. § 11-11-2-2.[3] When a prison notifies an offender of what items (s)he may possess, all other property that is not contraband becomes "prohibited property." *Id*. "Contraband" is "property the possession of which is in violation of an Indiana or federal statute"; and

---

[3] Indiana Code Section 11-11-2-2 provides:

> The department shall determine what type of property other than contraband a confined person may not possess and shall inform him of that classification. In carrying out this section, the department may inform a confined person of the type or items of property he is permitted to possess, in which event all other property not contraband is prohibited property. Property that a confined person is otherwise permitted to possess may become prohibited property due to the means by which it is possessed or used.

"[p]rohibited property" is "property other than contraband that the [DOC] does not permit a confined person to possess . . . ." *Id.* "The [DOC] may conduct reasonable searches of its facilities and persons confined in them and may seize contraband or prohibited property." I.C. § 11-11-2-3(a). When it seizes an offender's property, the DOC "shall give . . . written notice of the seizure" including the date of seizure, identity of the seizing party, grounds for seizure, and the procedure for challenging the seizure.[4] I.C. § 11-11-2-4.

[9]     Here, pursuant to the superintendent's November 2016 directive, Xboxes and accessories became "prohibited property" for all offenders except PLUS Aides and ICH offenders; thus, when Yisrayl's probationary period as a PLUS Aide ended in his termination, he was no longer among the offenders who were permitted to possess the items. *See* I.C. § 11-11-2-3(a) ("Prohibited property" is "property other than contraband that the department does not permit a

---

[4] Indiana Code Section 11-11-2-4 states,

> When the department seizes property, it shall give the affected person written notice of the seizure. This notice must include the date of the seizure, the property seized, the name of the person who seized the property, the reason for the seizure, and the fact that the department's action may be challenged through the grievance procedure.

> When the department seizes property of a confined person that it later determines is neither contraband nor prohibited property, it shall return the property to that person or make such other reasonable disposition as directed by that person.

> (c) Except as provided in subsection (d) or section 6 of this chapter, when the department seizes prohibited property, it shall forward the property to a person or address designated by the confined person or make any other reasonable disposition . . . .

confined person to possess[.]"). Sgt. Reed seized the Xbox and accessories in accordance with Indiana Code Section 11-11-2-4, giving Yisrayl written notice of the grounds of the seizure and advising him of the facility's grievance procedure.[5] The record further reveals that as of April 4, 2017, Yisrayl's Xbox and accessories remained housed in the special purchases department because Yisrayl had not asked anyone to retrieve them.

[10] In reviewing the designated materials, we conclude that no genuine issue of material fact exists as to whether an Xbox and accessories were "prohibited property" for Yisrayl, who was neither a PLUS Aide nor an ICH offender when Sgt. Reed seized the items. Sgt. Reed is entitled to judgment as a matter of law.

## Conclusion

[11] No genuine issue of material fact exists, and Sgt. Reed is entitled to judgment as a matter of law. We affirm.

Affirmed.

Najam, J., and Mathias, J., concur.

---

[5] Yisrayl concedes in his reply brief that he is making no argument that seizure of his property violated the United States Constitution.