## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2018, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Keith A. Hoglund
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith A. Hoglund,

*Appellant-Plaintiff,*

v.

Robert E. Carter, Jr.,
Commissioner of the Indiana
Department of Correction,

*Appellee-Defendant.*

July 17, 2018

Court of Appeals Case No.
17A-SC-3051

Appeal from the LaPorte Superior Court

The Honorable Nancy L. Gettinger, Magistrate

Trial Court Cause No.
46D04-1707-SC-1424

**Bailey, Judge.**

# Case Summary

Following a trial by affidavit, Keith A. Hoglund ("Hoglund") appeals, pro se, the small claims court order denying his claim in replevin. The sole issue on appeal is whether the small claims court clearly erred.

We affirm.

# Facts and Procedural History

Hogland is serving a fifty-year sentence in the Indiana Department of Correction ("DOC"). On May 1, 2017, he was housed at the Indiana State Prison. On that date, employees of the DOC confiscated a guitar, a guitar case, a tuner, guitar strings, a capo, cleaner for the guitar, buffing rags, and guitar picks from Hoglund's cell. The DOC gave Hoglund State Form 36030, entitled "Notice of Confiscated Property," which noted the items confiscated, the reason for confiscation, and the right to appeal through the "Offender Grievance Process." Appellant's App. at 51. The items were confiscated pursuant to a 2016 change in DOC Operation Procedures for Policy No. 02-01-101. This policy change, effective April 1, 2016, stated in relevant part:

> MUSICAL INSTRUMENTS:
>
> Note: Musical instruments will no longer be approved to be kept within individual cells. If you wish to donate your instrument to Recreation for use within Recreations Musical Program or within the Chapel for use in the Choir, those may be possibilities, if space is available. Otherwise, all musical instruments will be

removed from ISP.  Personal instruments will not stored [sic] in any location at ISP/ISO.

*Id*. at 53.  The new policy allowed an inmate whose instrument was confiscated to either send the instrument to a person outside of the prison or to donate the instrument to the DOC for internal use.

[4]    In an undated notice,[1] the DOC informed Hoglund that, as of June 1, 2017, his confiscated property had been in storage at the DOC for thirty days, and that he had thirty days left to send out or mail his property to someone else or the property would be destroyed.  *Id*. at 52.  On July 10, 2017, Hoglund filed his pro se notice of small claim against the Commissioner of the DOC, contending the DOC wrongly confiscated his personal property and seeking a return of the property or a reimbursement for its monetary value.  *Id*. at 9, 10.

[5]    In an order dated August 30, the small claims court set the matter for trial by affidavit.[2]  The parties each filed affidavits with the court.  Hoglund's affidavit referred to "Claimant's Designation of Evidence (Attachment[s 1-5])," but no such document or attachments are contained in the record.  *Id*. at 37-41.  The DOC affidavit was executed by Pam James, a DOC tort claims investigator, and it included several exhibits, including the DOC "Master Property List" of

---

[1]  Hoglund stated in his "Affidavit of Events in Support of Evidence" (filed in the small claims court), that he received the undated notice on June 7, 2017.  Appellant's App. at 38.

[2]  In support of allowing prosecution of the trial by documentary evidence, the court cited *Hill v. Duckworth*, 679 N.E.2d 938, 940 n.1 (Ind. Ct. App. 1997) (noting prisoners may prosecute their actions in small claims court "by submitting the case to the court by documentary evidence").  Appellant's App. at 25.

all personal property permitted in adult male facilities. *Id*. at 51-52, 55-56. The master list did not include musical instruments or musical accessories. *Id*.

[6] The small claims court issued its Findings and Order on December 13, 2017. In ruling for the DOC and against Hoglund, the trial court found the property was lawfully confiscated pursuant to the new DOC policy. It further found that Hoglund

> has lost the use of his guitar while incarcerated, but he still owns the property that was confiscated. He has been given the opportunity to send the guitar and the other items that were removed from him to a location outside the facility or to donate the items.

*Id*. at 61. This appeal ensued.

## Discussion and Decision

[7] Hoglund contends that the small claims court erred in denying and dismissing his claim. On appeal, we will not set aside the entry of judgment after a small claims bench trial unless it is clearly erroneous. Ind. Small Claims Rule 11(A); Ind. Trial Rule 52(A). "However, where the judgment 'turns solely on documentary evidence,' we review the judgment 'de novo,' as we do with summary judgment and other cases involving paper records." *Yisrayl v. Reed*, 98 N.E.3d 644, 646 (Ind. Ct. App. 2018) (quoting *Eagle Aircraft, Inc. v. Trojnar*, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013)), *trans. pending*. We consider only those materials designated to the trial court. *Id*.

[8] Hoglund's case is an action for replevin.[3] *See* Ind. Code § 32-35-2-1. To recover, Hoglund must prove that he had legal title or a right to possession of the confiscated property and that the property was "wrongfully taken or unlawfully detained." *Id.* The parties do not dispute that Hogland was the lawful owner of the confiscated guitar and guitar accessories. However, Hoglund's claim fails on the other factors; i.e., he failed to show that the property was wrongfully taken or unlawfully detained.

[9] Our legislature has conferred upon the DOC authority to determine what property an offender may possess. I.C. § 11-11-2-2.[4] This court recently addressed that statutory authority in *Yisrayl v. Reed*:

> When a prison notifies an offender of what items (s)he may possess, all other property that is not contraband becomes "prohibited property." [I.C. § 11-11-2-2]. "Contraband" is "property the possession of which is in violation of an Indiana or federal statute"; and "[p]rohibited property" is "property other

---

[3] Although Hoglund refers for the first time in his reply brief to a "contract," an "agreement" and "special permission" from the Superintendent's designee, he provides no citation to the record to support the existence of any such contract or agreement nor does he develop any argument under a contract theory; therefore, he waives any such claim. Ind. Appellate Rule 46(A)(8); *see also Foster v. Adoption of Federspiel*, 560 N.E.2d 691, 692 (Ind. Ct. App. 1990) (noting that pro se litigants are held to the same established rules of procedure that trained legal counsel are bound to follow). Moreover, claims may not be raised for the first time in a reply brief. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005) (citation omitted) ("The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived.").

[4] I.C. § 11-11-2-2 states:

The department shall determine what type of property other than contraband a confined person may not possess and shall inform him of that classification. In carrying out this section, the department may inform a confined person of the type or items of property he is permitted to possess, in which event all other property not contraband is prohibited property. Property that a confined person is otherwise permitted to possess may become prohibited property due to the means by which it is possessed or used.

than contraband that the [DOC] does not permit a confined person to possess ...." *Id*. "The [DOC] may conduct reasonable searches of its facilities and persons confined in them and may seize contraband or prohibited property." I.C. § 11–11–2–3(a). When it seizes an offender's property, the DOC "shall give ... written notice of the seizure" including the date of seizure, identity of the seizing party, grounds for seizure, and the procedure for challenging the seizure. I.C. § 11–11–2–4.

98 N.E.3d at 646-47.

[10]     Here, the DOC determined in DOC Operation Procedures for Policy No. 02-01-101 that, effective April 1, 2016, musical instruments were prohibited property; i.e., they were no longer contained on the DOC master list of items a prisoner may possess. Appellant's App. at 55-56. Thus, effective April 1, 2016, Hoglund's guitar and accessories became "prohibited property" that the DOC could lawfully confiscate. I.C. § 11-11-2-2. The DOC informed Hoglund of this policy, lawfully took his guitar pursuant to that policy, and provided him with notice of what property was seized, why it was seized, and the procedure for challenging that seizure. Appellant's App. at 51. Hoglund has failed to show that the DOC wrongfully took or unlawfully detained his confiscated property.[5] I.C. § 32-35-2-1. Therefore, the trial court did not err in denying his claim for replevin.

---

[5] Several times in his initial and reply briefs, Hoglund refers vaguely to his rights "under the Constitution." Appellant's Br. at 7, 8; Appellant's Reply Br. at 6. To the extent Hoglund raises a constitutional challenge, he has waived it by failing to cite the source of his alleged constitutional right, and by failing to provide cogent argument—or any analysis at all—regarding the alleged constitutional right. App. R. 46(A)(8).

Affirmed.

Crone, J., and Brown, J., concur.